OPINION OF THE COURT
Howard E. Goldfluss, J.
The Corporation Counsel of the City of New York moves to quash a subpoena duces tecum previously issued by this court directing the Off-Track Betting Corporation, hereinafter refer *87 red to as O.T.B., to produce papers and documents relative to the charges against the defendant.
The said defendant stands indicted for criminal mischief in the second and third degrees. The People allege that after having lost an exclusive window glass repair contract servicing all O.T.B. parlors, the defendant sought to discredit his successor by causing window breaks at 12 different O.T.B. locations. The documents sought by the defendant involve investigative, surveillance, and incident files concerning citywide destruction of O.T.B. windows.
The Corporation Counsel claims that the defendant is using the subpoena improperly as a discovery device. He contends that since defendant’s counsel had on a previous occasion served a motion for discovery upon the District Attorney and neglected to request the material now sought, he could not now utilize this means for discovery. He alleges further that production now would be premature and allow defendant to completely circumvent discovery rules set down in CPL 610.10, even if the materials were discoverable, which the Corporation Counsel also contests.
In order to clarify the issue of discoverability, mention must be made of the history of this case. In denial of a prior motion by the defendant to dismiss the indictment, this court rejected the contention of the defendant that all of the breakings charged to the defendant were a series of individual misdemeanors, and that in lumping together the cumulative damages to place the violation in a felony class, the District Attorney and the Grand Jury acted wrongfully. After inspecting the minutes of Grand Jury proceedings, this court concluded that there was sufficient testimony submitted therein to justify the indictment charging this defendant with acting through a single intent, motive, scheme and design. In his detailed subpoena duces tecum, the defendant seeks primarily all of the investigative reports relating to the itemized incidents of glass breakage during the time period at issue.
The tenor of the Corporation Counsel’s argument is that this is a fishing expedition. This court does not agree. If a defendant, charged in acting with a single intent in furtherance of a common plan and scheme, seeks to acquire evidence which might demonstrate, through pattern or modus operandi, that one or more unknown persons committed some or all of the acts attributed to him, then the denial of such material to him would be completely unjustified.
*88 CPL 240.20 sets forth the conditions under which a court "must or may issue an order of discovery”. As it applies herein, CPL 240.20 (subd 3) provides "such discovery may be ordered with respect to any other property specifically designated by the defendant, except exempt property, which is within the possession, custody, or control of the district attorney upon a showing by the defendant that (a) discovery with respect to such property is material to the preparation of his defense and (b) the request is reasonable.” Both standards favor the defendant herein. It is the very type of information which, if denied to him "violates due process where the evidence is material either to guilt or to punishment”. (See Brady v Maryland, 373 US 83, 87.)
The Corporation Counsel stresses the fact that the statute specifically refers to material in the "possession, custody and control of the district attorney.” (Emphasis added.) Should this, therefore, deprive him of material which under Brady’s mandate he may be clearly entitled to? The answer must be in the negative. Once having found that the material is discoverable, it is of no significance that the defendant resorts to subpoena under CPL 610.20 (subd 3) and CPLR 2307, instead of the literal requirements under CPL 240.20.
Moreover, there is no basis to the Corporation Counsel’s contention that a subpoena duces tecum is a device to be used solely for the production of evidence at trial. The court in People ex rel. Hickox v Hickox (64 AD2d 412) held to the contrary in finding that medical records could be utilized for pretrial production. The real issue is whether the subpoenaed material is essential material and relevant. It is true that the court may have to ascertain this by in camera inspection before releasing it. CPL 610.25 provides that defense counsel may issue a subpoena for materials that will be retained by the court, and within the court’s discretion, subject to pretrial inspection and copying.
The said statute does not necessarily mandate disclosure— only production. The Trial Judge exercises his discretion as to what may be inspected or copied. But he will make that determination — not the Corporation Counsel, who interestingly makes no claim that the property sought would be exempt material, and makes no request for in camera inspection by the court for materiality and relevancy. Instead, in seeking to quash the subpoena entirely, he sets forth reasons which, in the opinion of this court, are specious at best. He states that the defendant is seeking to have the Corporation *89 Counsel "do his research and prepare his case.” As stated, the defendant has at least made a valid showing that records of the investigations of the breakings could be relevant because the District Attorney chose to proceed on the common plan and scheme theory. Those records exist and are solely in the custody of the Corporation Counsel; and the collation of the documents is hardly "doing the defendant’s research in preparing his case.” Granted, some inconvenience may result, but the Corporation Counsel is a public officer and inconvenience is the price he has to pay for conformance with the Brady mandate and the pursuit of justice; a concept with which this court believes he is equally concerned.
He also objects to the subpoena on the ground that the materials sought by defendant will be needed by O.T.B. in the event it institutes a civil action against the defendant. However, this is far from an insoluble problem; this court will accept photostated copies of the documents as full compliance with its order.
If the Corporation Counsel was technically correct in his position that the use the defendant seeks to utilize subpoena power exceeds statutory limitations, that would not be dispositive of the issue herein. Constitutional requirements supersede statutory limitations and the Supreme Court made it clear in Brady v Maryland (373 US 83, supra), that the right of a defendant to pretrial discovery of evidence which may be beneficial to his defense is constitutionally based, and that denial of such a right would be an error of constitutional dimension. This court has in the past taken the position that the "trial of a criminal case is not a chess game” (People v Alamo, 89 Misc 2d 246).
The defendant denies he was negligent in failing to request the material in his discovery motion, but let us assume that he was. Could we, in the interest of justice, deny him material that may be essential for his defense because he now seeks to remedy such omission? The concern of any court must be the achievement of ultimate justice through a fair application and interpretation of the means to achieve that end — and it is of no moment that such goal is utilized through one formal method instead of another.
The motion to quash is denied. The Corporation Counsel will deliver the subpoenaed materials to the court, to be further disposed of pursuant to the provisions of CPL 610.25.