OPINION OF THE COURT
Eli H. Mellan, J.
This criminal action involves two separate District Court informations: One charging the defendant with menacing under section 120.15 of the Penal Law wherein it is claimed that the defendant did place a live tarantula spider in the candy dish on the desk of one individual, covered the dish with a text book to insure that that individual would eventually discover the spider; a second District Court information charges the defendant with harassment in violation of subdivision 5 of section 240.25 of the Penal Law alleging substantially the same facts as in the prior information.
The defendant was arraigned on both said charges on May 2, 1980.
Pursuant to the discovery procedures in effect since January 1, 1980, the defendant apparently served a demand and the District Attorney served and filed an answer to the defendant’s demand to produce.
CPL 240.80 as currently amended and in effect provides that a demand to produce shall be made within 30 days after arraignment and before the commencement of the trial. The demand in this instance was apparently timely.
The answer to the demand specifies the oral statements allegedly made by the defendant and responds to the other aspects of the demand either complying or explaining why compliance was inappropriate and finally stating, as to the request for suppression hearing, that same should not be granted and that the People cannot and do not consent to pretrial suppression hearings. Nevertheless in open court when this matter was calendared on a specific date after arraignment, the District Attorney did in fact consent to hearings to be held immediately preceding trial and that the hearing shall consist of both Wade and Huntley hearings.
After the District Attorney’s answer to the demand to produce had been served and filed, the defendant served notice on the Nassau County District Attorney’s office, the clerk of the District Court and the Nassau County attorney, that an application would be made pursuant to CPLR 2307 for a *732 subpoena duces tecum, seeking "all memoranda, reports, records, logs and writings relating to” nine listed items.
The District Attorney has moved this court for an order quashing the said subpoena.
CPL article 240, which codified the New York State law on pretrial discovery procedures in criminal cases, was the result of a legislative intent to expand and liberalize the narrower and more restrictive rules promulgated on an ad hoc basis through case law which existed prior to the enactment of the statute. The current law reflected in the statute which became effective January 1, 1980 is designed to be far more liberal and precise than what may have been gleaned previously from New York State case law and includes some structural and phraseological alterations substantially similar to Federal Rules of Criminal Procedure. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 240, p 465.)
CPL 240.20 (subd 1) mandates certain disclosures by way of discovery and includes under paragraph (g) thereof "Anything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States.”
The District Attorney in opposing and seeking to quash the subpoena argues in essence that the defendant has already served a notice to produce in compliance with the discovery proceeding and received an answer thereto and therefore should not have a second bite of the apple in seeking the information now demanded under the subpoena duces tecum. The District Attorney further argues that it is well settled that a subpoena duces tecum is not the proper vehicle to secure discovery or ascertain the existence of evidence.
While it was in fact held previously and prior to the current discovery procedures that a subpoena may not be used for the purpose of discovery to ascertain the existence of evidence and that the proper means of discovery in a criminal case is strictly by motion with an opportunity afforded to the opposition to be heard (see People v Simone, 92 Misc 2d 306), and that this argument might similarly be applied to the current procedure which in lieu of motion specifies a series of actions commencing with a demand to produce, as a matter of discretion and on a case-by-case basis the court should afford the defendant the opportunity to secure such documents, reports, papers and writings to which the defendant would be *733 legally entitled notwithstanding the fact that same were not sought or previously included in the earlier demand to produce. While this procedure may in some respects evade the timeliness of the demand to produce specified in CPL 240.80, it did not appear to be the purpose in this case since this very motion and the application for the subpoena duces tecum are still timely under the provisions of the same section. The main objection previously was that the subpoena should not be used without affording the opposition an opportunity to be heard with respect to the items demanded. In this instance not only were the People served with ample and proper notice, but the information sought under the subpoena is being reviewed by the court after having considered the opposition thereto.
Under items 1, 2, 3 and 4 of the subpoena the defendant seeks records and reports concerning defendant’s date, time and place of arrest, his being taken into custody, his entry into the police building and the period of time that the defendant was in custody. Under the discovery procedures currently in effect routine police records which may include records and forms concerning defendant’s apprehension and arrest are discoverable by defendant before trial. (See People v Simone, supra.) Defense counsel is entitled to have produced at a trial or at a hearing, for possible impeachment purposes, any police reports, records or memoranda, prepared by testifying police officers. Such reports unless falling within the category of exempt or work papers are discoverable. There is no argument made herein by the District Attorney that the records sought in this instance are either work products or exempt material.
While it may be argued that the information sought in this respect by the defendant would consist of information within the knowledge of the defendant he is nevertheless entitled to the records made by the police authorities in this regard.
Item 5 of the subpoena seeks "the substance of any oral admission and or statement purportedly made by John Mc-Loughlin.” Item 6 similarly seeks the substance of any written or recorded statement. Item 7 relates to identification information.
Items 7 and 8 relate to identification information. All of those items, namely, 5, 6, 7 and 8, have been complied with and dealt with under the original demand to produce and therefore are stricken from the judicial subpoena sought *734 herein and the motion to quash by the District Attorney is granted with respect to said items.
Similarly with reference to the last and ninth item which seeks the "threatening notes” which the police department maintains in connection with the Locust Valley investigation and John McLoughlin, in the argument of the motion defense counsel stated that this may be concededly evidentiary. The court finds in fact that it is evidentiary in nature and therefore not subject to the demands by judicial subpoena duces tecum.
The District Attorney’s motion is granted solely in the foregoing respects and in all other respects pertaining to items 1, 2, 3 and 4 of the defendant’s subpoena herein the District Attorney is directed to comply with same to the extent that such information is available to the District Attorney either through their office or through the office of the police department with respect to any of the witnesses who will be testifying on the hearing or in the trial herein.