opinion of the court
Joseph Cohen, J.
These seven motions by the District Attorney to quash subpoenas duces tecum in cases where defendants are all represented by attorneys from the Legal Aid Society are consolidated for disposition, and the court’s prior decisions of March 9, 1982, granting the People’s motions upon default are vacated.
The defendants in each case seek police department arrest reports, complaint reports and complaint follow-up reports. These documents are clearly within the definition *534 of property exempted from discovery pursuant to Matter of Morgenthau v Hopes (55 AD2d 255, mot for lv to app dsmd 41 NY2d 1007). Therefore, these items clearly fail to accord with any of the definitions of discoverable materials enumerated in CPL 240.20.
The People’s memorandum of law, attached in their moving papers, argues, with complete certitude that, “It is beyond cavil that a subpoena duces tecum is a vehicle for the production of evidence, not for pre-trial discoveries,” and further, “a subpoena duces tecum has never been intended to provide a means of discovery or to enable the party to ascertain the existence of evidence.”
It appears, however, that in light of the 1979 amendment to CPL 610.25 (subd 2), that the maxims quoted by the People are now effectively superseded. Section 3 of chapter 413 of the Laws of 1979, amended the statute to provide: “Nothing in this article shall be deemed to prohibit the designation of a return date for a subpoena duces tecum prior to trial * * * In any case where the court receives or retains evidence prior to trial, it may * * * grant the issuing party a reasonable opportunity to inspect such evidence.”
The amendment has apparently modified previous law which clearly made a distinction between pretrial discovery materials on one hand and evidence on the other, and clearly circumscribed the use of a subpoena duces tecum to the latter.
Professor Bellacosa in his 1979 Supplementary Practice Commentary to CPL 610.25 contends that this provision is “designed to foster early availability of evidence to reduce surprise and gamesmanship. This provision should provide a valuable tool especially with respect to matters of volume and complexity which might otherwise only cause delay if first popped up at trial”. (McKinney’s Cons Laws of NY, Book 11 A, 1981-1982 Pocket Part, p 80.) He goes on to state that there are “no statutory exemptions of material as may be found in article 240, the discovery article.” (Ibid.)
Moreover, the Governor’s approval memorandum dated July 5,1979, in support of the entire legislative package, of which the 1979 amendments to CPL 610.25 were a portion, *535 lends compelling credence to the defendants’ argument in support of the discovery function of the section: “These bills (1) provide expanded discovery for both the defense and prosecution in criminal cases, including, for the first time, a procedure for discovery on demand rather than on motion and court order; and (2) clarify the right of a defendant to obtain information necessary to prepare his defense by way of a bill of particulars and the right of the court to grant the issuing party an opportunity to inspect evidence subpoenaed prior to trial. The enactment of these measures will have a significant impact on the criminal justice process. The element of surprise in criminal trials, and its inherent unfairness, will be reduced. The use of motion practice as a discovery device will be substantially curtailed and plea negotiations will be expedited because each side will have an increased opportunity to intelligently weigh the strengths and weaknesses of its case against the risks and uncertainties of trial. The bills are evenly balanced to avoid giving any undue advantage to either side in a criminal proceeding. It is hoped that prosecutors and defense counsel, encouraged by the enactment of these bills, will experiment with even broader discovery on a voluntary basis and that further discovery legislation may be developed in the near future. The bills were developed together with the Senate and Assembly Codes Committees and the Office of Court Administration, in consultation with the Criminal Justice Section of the State Bar Association and the State District Attorney’s Association, among others.” (NY Legis, Ann, 1979, pp 250-251; emphasis added.)
Nonetheless, the section specifically applies to evidence, not to property or materials that would qualify as discovery, for which the defendant would be relegated to the remedy under CPL 240.20 and 240.40. Therefore any item which cannot properly be classified as evidence or potential evidence would not be available pursuant to a subpoena under CPL 610.25 and any matter which would be discoverable pursuant to CPL 240.20 and 240.40 would be obtainable under those sections so long as it is not exempt property. Thus the defendants herein, while armed with a new and effective means of discovery under CPL 610.25, *536 must learn to live with its limitations. If a subpoenaed item is neither “evidence” nor property discoverable under CPL article 240 and Matter of Morgenthau v Hopes (supra), it can be disclosed only with the People’s consent.
In the case at bar, the court must at least allow the defendants their subpoenas so that the court can make a determination upon an in camera inspection as to whether the defendants are entitled to discovery in compliance with the criteria formulated in this opinion.
Whether or not a particular item will be or can be admitted into evidence is an issue for the discretion of the Trial Judge in each particular case. This court cannot usurp the functions of the Trial Judge in quashing the subpoena duces tecum so long as it is properly drawn and executed and served, and so long as the items required therein appear to be potential evidence and have some relevancy to the case. (Friedeberg v Haffen, 162 App Div 79, 80; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2307.05.) To the extent that any portion of the items subpoenaed herein would fail to qualify as potential evidence it will be redacted before disclosure to the defendant’s attorney prior to trial. All the items, however, will be preserved for subsequent disposition upon application to the Trial Judge.
When confronted with a situation wherein compelling social and public policy interests must be considered in determining upon disclosure of subpoenaed items, the court necessarily has little choice but to expend the judicial time and energy necessary to make a case-by-case determination following an in camera inspection. (Matter of Roman, 97 Misc 2d 782, 785; People v Simone, 92 Misc 2d 306, 315, affd 71 AD2d 554.)
The People’s motions to quash are denied and the subpoenaed items will be examined in camera as heretofore done in such matters.
(Decision modified, October 22, 1982)
Cohen, J. The Bronx District Attorney has moved to modify this court’s decision and order dated August 23, 1982 and the Legal Aid Society has cross-moved, on behalf *537 of all of the defendants herein, for further modification. The prior decision is modified as follows:
The District Attorney’s office appears to have two principal concerns relating to the prior order of this court. The first and more simply resolved matter is the People’s prayer for an opportunity to be heard as to their objections to the release of particular items contained in material subpoenaed for in camera inspection. The subpoenaed materials to which the People seek opportunity to object would be those produced pursuant to CPL 610.25 (subd 2) and this court’s prior decision.
CPL 60.10 provides that: “Unless otherwise provided by statute or by judicially established rules of evidence applicable to criminal cases, the rules of evidence applicable to civil cases are, where appropriate, also applicable to criminal proceedings.” Pursuant to this rule, CPLR 2307 appears to be the statute applicable to the mechanics of judicial subpoenas duces tecum in criminal proceedings. Moreover, CPL 610.20, specifically makes CPLR 2307 the procedural rule for the issuance of judicial subpoenas duces tecum.
Under the CPLR section, notice of an application for a subpoena duces tecum must be served upon the adverse party (the People in the instant matters) 24 hours in advance of such application. The diligent enforcement of this requirement should enable the District Attorney’s office to have notice, not only of the application for the subpoena but of the return date of the subpoena for in camera inspection assuming the application is granted.
Assuming the People have such notice as to the date and part in which the subpoenaed materials will be produced for in camera inspection, they have an opportunity to make application to the appropriate Judge by any appropriate means, on notice, for nondisclosure of items to the defendant, or at least for a hearing on the matter. These procedures ought to effectively soothe the People’s fears with respect to the inappropriate disclosure of any subpoenaed materials.
The District Attorney’s second, and, in the court’s opinion, more significant concern is the protection of the names and addresses of the People’s witnesses from disclosure, *538 either intentionally or, inadvertently, from the subpoenaed material. This court holds that the names and addresses of witnesses are not discoverable as a matter of right, and are discoverable only upon a clear showing of special circumstances to the court. As such, the names and addresses of witnesses are to be redacted from all materials subpoenaed for in camera inspection after such inspection and prior to their disclosure to defense counsel. In other words the People should supply both redacted and unredacted versions for the court’s inspection and comparison but only the redacted version will be released in the usual case.
This court reaches its conclusion upon an examination and careful consideration of all pertinent authority, not the least of which is the concern of both the Governor and the Legislature of the State of New York for the protection of witnesses from harassment. This concern is clearly demonstrated by the enactment of chapter 664 of the Laws of 1982 which added Penal Law sections concerning tampering with a witness. These Penal Law amendments in effect changed the maximum penalty from one year in jail and a $1,000 fine (the maximum penalty for a class A misdemeanor) to 25 years in jail and a $5,000 fine in certain cases (the maximum penalty for a class B felony). To routinely allow the names and addresses of witnesses to be revealed would be contrary to this expressed concern for the protection of witnesses.
Decisional law concerning the release of names and addresses of potential witnesses is fully in support of this court’s position herein. Clearly, even those cases that allow for, or permit the disclosure of such information to the defendant, condition it upon the exercise of the Judge’s discretion upon a showing of particular facts and circumstances. (People v Andre W., 44 NY2d 179, 186, n.) It has been held that, under the current provisions for pretrial criminal discovery pursuant to CPL article 240, there is no statutory authority whatever for the release of witnesses’ names and addresses, and that such disclosure can be justified only upon the allegations of special circumstances by the party seeking disclosure. (Matter of Mulvaney v *539 Dubin, 80 AD2d 566, 567, revd on other grounds 55 NY2d 668.)
The general rule has been held to be the denial of “discovery of the names and addresses of the People’s witnesses prior to trial in the absence of unusual or exceptional circumstances.” (Matter of Vergari v Kendall, 76 Misc 2d 848, 854, affd 46 AD2d 679.) Judge Beisheim, in the nisi prius decision in Vergari (pp 854-855), made some philosophical and historical observations which are worth noting herein.
“[T]he apparent intent of the New York State Legislature which in 1936 repealed the then section 271 of the Code of Criminal Procedure which had required the names of witnesses to be endorsed on a felony indictment * * * [was] that witnesses should be protected by not having their names revealed * * *
“It should be borne in mind that many witnesses in criminal cases are not protected and insulated by place of residence, knowledge and confidence as to how to avoid or disengage themselves from an improper approach by reason of access to their own attorneys for advice, and otherwise, as are more affluent members of society who less often are called as witnesses in criminal trials. Many of these noninsulated witnesses, by reason of the foregoing factors, are in a position where they can be intimidated by persons associated with the criminal element if their identity and place of residence are not kept secret until time of trial.”
Other decisions in support of this general rule include Matter of John M. (104 Misc 2d 725) and People v Hvizd (70 Misc 2d 654).
For all that a defendant, in a particular case, may establish a right to the release of the names and addresses of prosecution witnesses, such disclosure cannot be permitted as a matter of right, pursuant to a subpoena under CPL 610.25 (subd 2). Names and addresses of prosecution witnesses are ordered to be redacted in all materials produced for in camera inspection in the instant matters. The information shall be released only upon a showing of special *540 circumstances by the defendant’s attorneys by application upon notice to the People.