OPINION OF THE COURT
Charles A. Kuffner, J.
The defendant has been indicted for attempted murder in the second degree and assault in the first degree.
The defendant has applied to the court, on notice to the District Attorney, for the issuance of a subpoena duces tecum, addressed to the Police Department of the City of New York requiring the delivery to the court of a variety of police records developed in the investigation of the instant prosecution. The People oppose the application.
Called into question is what defendant contends are the apparently conflicting provisions of CPL 240.20, which governs discovery in criminal proceedings, and CPL 610.25 (subd 2, as amd eff Sept. 1,1979) which governs the right of the court to grant a party issuing a subpoena an opportunity to inspect evidence prior to trial.
It is defendant’s contention that the Police Department records which are sought contain or may contain “evidence” relating to the instant prosecution and, as such, are subject to the subpoena provisions of CPL 610.25 (subd 2).
*852 The People rely upon Matter of Morgenthau v Hopes (55 AD2d 255) as standing for the proposition that police reports, such as are now sought, are exempt from the discovery provisions of CPL article 240. The defense does not disagree, but rather asserts that the provisions of CPL 610.25 fashion an alternative permissible means by which the same material may be produced.
The defendant relies, in support of this argument, upon the decision in People v Miranda (115 Misc 2d 533). The court, in that case, agreed that police reports would not be subject to discovery under CPL article 240 for the same reasons asserted by the People in the instant proceeding. The court, therein, went on to an analysis of CPL 610.25 and concluded that to the extent it could be demonstrated that the records sought contained evidence or potential evidence “the court must at least allow the defendants their subpoenas so that the court can make a determination upon an in camera inspection as to whether the defendants are entitled to discovery”. (Supra, at p 536.)
The defendant, herein, now asks that the court, at least, permit the issuance of the subpoenas and conduct an in camera inspection to determine the presence of evidence or potential evidence in the requested reports.
The application is, in all respects, denied.
It is the opinion of the court that the Legislature in enacting the 1979 amendment to CPL 610.25 and the Governor in approving the same, intended neither an expansion of criminal discovery so as to abrogate the exemptions of CPL article 240 nor to create a procedure by which the courts are required to pass upon the content of every police department report prepared in every investigation and prosecution.
In the instant case, the defendant has made no showing whatsoever as to what evidence is or may be contained in the volume of reports he seeks to discover. As such, the device employed is one obviously intended to effect a general and unspecific examination of police records. A party may not accomplish indirectly through the subpoena mechanism what he cannot accomplish directly through the discovery provisions of the CPL. (See People v Crean,
*853 115 Misc 2d 526; People v Simone, 92 Misc 2d 306, affd 71 AD2d 554; People v Norman, 76 Misc 2d 644.)
Absent a showing that the police reports are likely to contain specific, identifiable evidentiary material it would be an improvident use of the court’s limited time and resources to conduct an in camera inspection of police records in all cases. To the extent that the court in People v Miranda (supra), and People v Harte (99 Misc 2d 86) seem to suggest otherwise, this court must respectfully disagree.
Certainly, nothing in this opinion should act to delay timely disclosure by the People of any material contained in the requested documents that ought to be disclosed pursuant to CPL 240.20 (subd 1, par [g]) (see Brady v Maryland, 373 US 83). Likewise, timely disclosure of reports pursuant to People v Rosario (9 NY2d 286), and People v Consolazio (40 NY2d 446) will serve to provide the defendant with further necessary discovery.