OPINION OF THE COURT
John F. O’Shaughnessy, J.
This decision supersedes the decision dated March 12, 1987.
The People, in response to a judicial subpoena duces tecum served on the Nassau County Police Department, move to quash portions of the subpoena relating to the items numbered 6a, 6b, 7, 8, 9, 10, 11, 13 and 14.
A subpoena may not be used for the purpose of discovery or to ascertain the existence of evidence. (People v Gissendanner, 48 NY2d 543, 551 [1979]; People v Coleman, 75 Misc 2d 1090, 1091 [Nassau County 1973].) "A party may not accomplish indirectly through the subpoena mechanism what he cannot accomplish directly through the discovery provisions of the CPL. (See People v Crean, 115 Misc 2d 526; People v Simone, 92 Misc 2d 306, affd 71 AD2d 554; People v Norman, 76 Misc 2d 644.)” (People v Cammilleri, 123 Misc 2d 851, 852-853 [Sup Ct, Richmond County 1984].) Further, a subpoena duces tecum may not be used to "fish for impeaching material”. (People v Hasson, 86 Misc 2d 781, 783; People v Bova, 118 Misc 2d 14 [Sup Ct, Kings County 1983].) The defendant must make a clear and specific showing that the subpoenaed information is highly material and relevant, and is necessary or critical to the maintenance of his defense, and is not obtainable from other available sources. (People v Bova, supra.)
-6a-
The People submit, and this court agrees, that there is no duty to capture and preserve the defendant’s breath sample. (People v Rich, 118 Misc 2d 1057, 1058-1059 [Monroe County 1983] ; People v Torres, 125 Misc 2d 78, 85-86 [NY County 1984] ; California v Trombetta, 467 US 479 [1984]; People v McDonald, 112 AD2d 722 [4th Dept 1985].) A defendant has the option, pursuant to Vehicle and Traffic Law § 1194 (8), to have a physician of his own choosing administer a chemical *1002 test in addition to the one administered at the direction of the police officer. The failure to preserve a sample for later testing is not mandated by statute. Further, the scientific reliability of the result of a test performed on a breath sample preserved for that purpose has not been established.
-6b-
There is also no duty to preserve the glass ampoule used during defendant’s breathalyzer examination. Further, the failure to preserve the ampoule does not violate the defendant’s due process rights. (People v O’Brien, Nassau County Ct, Jan. 29, 1981; People v Le Pree, 105 Misc 2d 1066 [Rochester City Ct, Monroe County 1980]; People v Farrell, 58 NY2d 637 [1982]; California v Trombetta, supra.) The Court of Appeals stated in People v Farrell that the defendant’s due process rights were adequately protected by affording the defendant the option of examining another ampoule from the same batch along with the procedure required to authenticate test results. (58 NY2d, at 638.) Defendant has not exercised the option already available to him and this court finds no reason to create an option not contemplated by the Legislature or higher courts of this State.
-7 and 8-
Defendant’s demand for the breathalyzer model No. 900, identification No. 1516 (7), and the simulator No. 5681 (8), is improper and beyond the scope of a subpoena duces tecum. Defendant seeks the production of the breathalyzer machine and simulator on the ground that their production is necessary to effectively cross-examine the breathalyzer technician and to display the actual use of the machine to the jury. Due to usage and required maintenance the present condition of those instruments is not relevant or material to their condition on the date the defendant’s breath sample was taken. Furthermore, the defendant has failed to establish that he could not achieve his goals by using any other means.
These items are neither evidence nor property discoverable under CPL article 240. (People v Miranda, 115 Misc 2d 533 [Sup Ct, Bronx County 1982], appeal dismissed sub nom. People v Santos, 102 AD2d 742, appeal dismissed 64 NY2d 702.) An item which cannot properly be classified as evidence or potential evidence is not available pursuant to a subpoena under CPL 610.25. (People v Miranda, supra.) The subpoena *1003 duces tecum is not to be used to expand the normal use of discovery and inspection in criminal cases. (People v Norman, 76 Misc 2d 644 [Sup Ct, NY County 1973], supra.) Defendant has embarked on a fishing expedition which will not be countenanced by this court.
-9, 10 and 11-
With respect to item 9, manual of operation and directions for use of Smith and Wesson breathalyzer machine model 900; item 10, correspondence from Smith and Wesson to Nassau County Police Department dated September 1982; item 11, any and all Nassau County Police Department rules and regulations related to the operation of breathalyzer test, defendant has not demonstrated the need to resort to this subpoena. This material is not evidence nor is it subject to discovery pursuant to CPL article 240. This is another example of the defendant’s attempt to go fishing. The court found nothing in defendant’s papers to indicate that any of the aforementioned documents contain information relevant and material to his defense. (People v Coleman, supra; People v Norman, supra; People v Bova, supra.)
-1-6, 12, 13-14-
The other items demanded constitute material discoverable pursuant to CPL article 240. These items are:
No. 1, alcohol drug influence report form;
No. 2, breathalyzer test record and breathalyzer operational check list;
No. 3, central testing unit work sheet;
No. 4, simulator maintenance log for unit used;
No. 5, breathalyzer maintenance log for unit used;
No. 6, breathalyzer ampoule test record;
No. 12, New York State Department of Health certification of Police Officer J. McCormick, shield No. 4248, regarding breathalyzer testing;
No. 13, certificate of calibration of breathalyzer machine model 900, serial No. 15167; and
No. 14, report of analysis of simulator solution.
*1004 The aforementioned documents are likely to be introduced into evidence when the foundation is laid for the admission of the test results and therefore are relevant and material to the defendant’s challenge to the accuracy of the test results. (People v Mertz, 68 NY2d 136 [1986]; CPL 240.20 [1] [c]; People v English, 103 AD2d 979 [3d Dept 1984]; see also, People v Camilleri, supra.)
CONCLUSION
Inasmuch as the subpoena is an improper vehicle for discovery, the court withdraws judicial approval of the subpoena duces tecum relating to the items 1 through 6, inclusive, 12, 13 and 14. The People are directed to comply with CPL article 240. The People’s motion to quash the portions of the subpoena relating to items 6a, 6b, 7, 8, 9, 10 and 11 is granted.