OPINION OF THE COURT
Charles A. Kuffner, J.
In the above indictments, the defendant stands charged, inter alia, with three counts of rape in the first degree.
*1067 The People have made application to the court for an order directing the issuance of a subpoena duces tecum addressed to the Prison Health Services of the New York City Department of Correction. Notice of such application has been given to the defendant and the Department of Correction. The defendant is presently incarcerated in a facility under the jurisdiction of the Department of Correction, in remand status, while awaiting trial.
As a pretrial detainee, the defendant was screened for several types of sexually transmissible diseases.
The victims of the rapes have expressed strong concern regarding the possibility of having contracted a sexually transmissible disease as a result of the crimes perpetrated against their persons. Because they allege that the defendant is the person guilty of those crimes they have sought, through the District Attorney, to learn as soon as possible, whether the defendant is infected with any sexually transmissible disease, particularly Acquired Immune Deficiency Syndrome (AIDS).
The District Attorney acknowledges that the defendant is presumed innocent of any crime. It is argued that the interest of protecting victims and society from the spread of serious disease outweigh any rights of the defendant to confidentiality of such test results. The Department of Correction has taken no position in the matter except that of requiring a court mandate prior to the release of the information sought.
The defendant has served an affirmation in opposition to the application which the court treats as a motion to quash the subpoena. (See, 2A Weinstein-Korn-Miller, NY Civ Prac If 2304.04.)
The defendant has raised the procedural objection that the purpose for which the subpoena is sought is beyond that permitted by CPL article 610. Without doubt, the information in question is not being sought for any purpose related to the criminal proceeding. This court has, in the past, indicated that the use of a subpoena duces tecum as a means of discovery constitutes an improper use of this process in the context of a criminal action. (See, People v Cammillieri, 123 Misc 2d 851.) The court agrees that the use of a subpoena is not the proper vehicle for obtaining the test results in question. CPLR 103, however, permits the court to convert a proceeding begun in an improper form to one that is proper. In the instant case, all the necessary parties are apprised of the proceeding and have been afforded an opportunity to be heard. As stated, the *1068 defendant has opposed the application while the Department of Correction, through the District Attorney, informs the court that it will supply the defendant’s records only upon order of the court. Accordingly, the parties have submitted themselves to the court for the purpose of a determination of the issue at hand and the court may overlook the impropriety of the procedural vehicle employed by the District Attorney.
While the defendant has raised objection on privacy grounds, to the disclosure of the test results at issue, these objections are without merit.
In Matter of Grattan v People (65 NY2d 243, 244 [1985]), the Court of Appeals determined that "[t]he confidentiality provided by Public Health Law § 2306 for information regarding sexually transmissible diseases is not defeated simply by consent of the source to release the information.” In that case the court quashed a subpoena duces tecum issued by a Grand Jury which sought the records held by the Bureau of Sexually Transmissible Diseases concerning a 16-year-old girl despite the consent of the girl to release of the record. The court reasoned that the public interest in encouraging disease sufferers to seek medical attention necessitated a perception on the part of the public that test results were beyond public disclosure. This interest, in that case, outweighed the need of the Grand Jury to the material being sought.
In the case at bar, the defendant is not a person who presented himself to public health authorities seeking treatment. As stated, his testing for sexually transmissible diseases, was a necessary element of his processing into a prison population.
The public policy, expressed in Grattan (supra), encouraging afflicted persons to seek treatment is inapplicable. Defendant’s testing was not voluntary but, rather, incident to his postarrest status. His alleged sexual contacts were with victims of rape. If the purpose of the testing of incarcerated persons is to foster their health as well as that of the prison population, it seems only logical that such protection be extended to persons who claim to be the subjects’ involuntary sexual contacts. To rigidly enforce confidentiality in this circumstance would hinder the purposes of article 23 of the Public Health Law by denying potentially afflicted persons of information necessary for the treatment and prevention of further spread of a deadly disease.
*1069 The court further notes that contrary to defendant’s reading of the Correction Law (assuming its applicability to this case), disclosure of inmate medical records is expressly provided, in cases of persons in State custody, to a court in which "the physical or mental health of an inmate is in issue” (7 NYCRR 5.24 [5]).
Although not raised by the defendant, the court has examined the applicability of the physician-patient privilege to the issue at hand. CPLR 4504 (a) has been held inapplicable to situations in which an examination is conducted for purposes other than treatment. (See, 5 Weinstein-Korn-Miller, NY Civ Prac U 4504.06.) A generalized screening of prisoners upon entry into a prison is not, in the court’s opinion, a procedure related directly to treatment such as to give rise to the protections of the privilege. No determination is made, however, as to the applicability of any records made subsequent to any initial testing, upon entry to the institution, as such records are not sought by the District Attorney.
The balance sought by the court is one between the rights of the accused and those of innocent victims of rape who allege the defendant to be their attacker. As one commentator has observed, "[I]t appears beyond cavil that the state, in the exercise of its innate police power, has the authority to impose reasonable compulsory requirements to protect the general public from an epidemic.” (Gray, Parameters of Mandatory Public Health Measures and the AIDS Epidemic, 20 Suffolk UL Rev 505, 518 [1986].) What is reasonable is determined by an assessment of "the injury inflicted against the benefits obtained” (op. cit., at 518).
In this case, the minimal intrusion to the defendant by disclosure to a very few persons of some limited health data when balanced against the fears and health concerns of his alleged victims and their families mandates the issuance of the subpoena sought.
Accordingly, the court shall "so order” the subpoena duces tecum requested by the District Attorney. Upon delivery to the court of the information sought, a review of the same will be held, in camera, with the District Attorney and counsel for the defendant.