In the Matter of the Application of THOMAS A. CONSTANTINE, as Superintendent of the Division of State Police, to Vacate an Order Granting a Subpoena in The People of the State of New York v Mark P. Leto.

Supreme Court, Albany County, February 17, 1989

### APPEARANCES OF COUNSEL

*Robert T. Dillon* for New York State Police. *Gerstenzang, Weiner & Gerstenzang (Peter Gerstenzang* of counsel), for Mark P. Leto. *James B. Canfield, District Attorney (Michael L. Desautels* of counsel), for People.

### OPINION OF THE COURT

EDWARD S. CONWAY, J.

This is a motion by the petitioner Thomas A. Constantine,

Superintendent of the Division of State Police, for an order vacating a prior order of this court which granted a subpoena duces tecum directing petitioner to produce the New York State Police Breath Test Operator's Training Course Manual in a criminal action entitled: "In the Matter of People against Mark P. Leto."

On December 7, 1988, this court issued a subpoena duces tecum directing the New York State Police to produce "a certain New York State Police Breath Test Operator's Training Course Manual" and specifically that edition which was used to train Trooper E. J. Demczar who was first certified as a breathalyzer operator on February 5, 1988 and who was the arresting officer in the criminal case referred to above which was a trial of respondent Leto on driving while intoxicated (DWI) charges.

The respondent, Superintendent of the Division of State Police, contends that the subpoena duces tecum may only be used to obtain material which is discoverable under CPL article 240, but not possessed by the prosecutor, or which constitutes evidence, and that the manual in question is not evidence and not discoverable pursuant to CPL 240.20.

This court cannot agree with the contentions of the petitioner. The manual in question is a specific set of instructions and procedures for the proper performance of chemical and psychophysical tests. It constitutes the most comprehensive evidence in regard to State Police procedure for the arrest and testing of DWI defendants. It is certainly direct evidence of both the procedures that should be followed as well as the consequences of not following those procedures. In the case at hand, the issue is whether the defendant Leto was intoxicated, and the use of the subpoena duces tecum for the purpose of obtaining material evidence of that fact is proper, in this court's opinion. The defendant is entitled to access to the manual by the subpoena duces tecum for the purpose of proving what the proper procedures in testing were and that his accusers failed to follow those procedures, if that be the case.

In view of the foregoing, the motion to vacate the prior order of this court which granted a subpoena duces tecum is denied.