In the Matter of THOMAS A. CONSTANTINE, as Superintendent of the Division of State Police, Appellant, v MARK P. LETO, Respondent.

Third Department, May 31, 1990

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Joseph Koczaja* and *Nancy A. Spiegel* of counsel), for appellant.

*Gerstenzang, Weiner & Gerstenzang (Peter Gerstenzang* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Respondent was arrested for driving while intoxicated by Trooper E. J. Demczar of the State Police. Thereafter, while the case was pending before the Town of Schodack Justice Court in Rensselaer County, a subpoena duces tecum was issued by Supreme Court directing petitioner, the Superintendent of State Police, to produce the State Police "Breath Test Operator's Training Course Manual" which was used to train Demczar. Petitioner submitted an application to Supreme Court to quash the subpoena duces tecum. Supreme Court denied the motion, stating that respondent was entitled to access to the manual for the purpose of proving what the proper testing procedures were and, if appropriate, to prove that proper procedures were not followed (142 Misc 2d 728). Petitioner now appeals.

At the outset, we observe that even though respondent's attorney obtained a noncertified copy of the manual in an unrelated case, this proceeding is not moot. Significantly, respondent's attorney has indicated that he does not possess a copy of the manual at the present time. In addition, a noncertified copy does not meet the requirement of CPLR 2307 (b)

and is not automatically admissible into evidence, as a certified copy would be, pursuant to CPLR 4518 (c). Furthermore, notwithstanding respondent's assertion that petitioner is a party to the underlying criminal action and, thus, this appeal is interlocutory, we choose to address the merits of the appeal without deciding the standing issue under the authority of *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.* (63 NY2d 100, 104; *see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951; *Matter of Gardner v Constantine,* 155 AD2d 823).

Turning to the merits, we first note that discovery requests are governed by statute *(see,* CPL 240.20, 240.40; *Matter of Miller v Schwartz,* 72 NY2d 869, 870). The recently enacted CPL 240.20 (1) (k) (L 1989, ch 536, § 1) provides that in a Vehicle and Traffic Law prosecution, the People shall disclose any written report concerning, *inter alia,* a scientific test including the most recent record of inspection, calibration or repair of the machines used and the certification certificate of the operator. We also note that a subpoena duces tecum may not be used to circumvent the discovery provisions of CPL 240.20 and 240.40 *(People v Ramirez,* 129 Misc 2d 112, 113-114; *People v Crean,* 115 Misc 2d 526, 531; *People v Miranda,* 115 Misc 2d 533), "to ascertain the existence of evidence" *(People v Gissendanner,* 48 NY2d 543, 551) or "to 'fish for impeaching material' " *(People v Di Lorenzo,* 134 Misc 2d 1000, 1001). Rather, its purpose is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" *(Matter of New York State Dept. of Labor v Robinson,* 87 AD2d 877, 878). A showing that certain documents carry a potential for establishing relevant evidence is insufficient; instead, a defendant must put forth "some factual predicate" which would make it reasonably likely that documentary information will bear relevant and exculpatory evidence *(People v Gissendanner, supra,* at 550). Thus, it was held in *People v Di Lorenzo (supra,* at 1003) that the manual of operation and directions for use of a breathalyzer were neither evidence nor subject to discovery pursuant to CPL article 240. Similarly, in *People v Russo* (149 AD2d 255, 257), the defendant, charged with speeding, sought a subpoena directing a police department to produce a radar device "together with all books, manuals, records and documents pertaining to the ownership, operation and mainte-

nance" of the device and the Second Department held that the defendant was entitled to receive records documenting the maintenance and testing of the device but that the subpoena was otherwise overbroad.

It is well established that in order to introduce results of a breathalyzer test, the prosecutor must introduce evidence that the testing device was in proper working order and that the chemicals used in conducting the test were " 'of the proper kind and mixed in the proper portions' " and that the test was properly administered *(People v Alvarez,* 70 NY2d 375, 380; *see, People v Freeland,* 68 NY2d 699, 700). Test results may be attacked on the grounds that the proper operating procedures were not followed or that the machine was not operating properly *(People v English,* 103 AD2d 979, 980; *see,* 10 NYCRR part 59). Furthermore, records indicating that a machine was not operating properly are discoverable *(see, People v English, supra),* as are the State Police rules and regulations *(see, People v Williams,* 62 NY2d 765, 767) and the checklist and calibration records *(see, People v English, supra; People v Di Lorenzo, supra,* at 1003-1004).

■ In our view, however, the manual sought herein is not discoverable. Respondent has not put forth the requisite "factual predicate" making it reasonably likely that this voluminous training manual contains material exculpatory evidence unavailable from other sources. Respondent made no effort to show how 6 of the 10 sections of the manual contain material evidence. Rather, he limited his assertions to sections 400 (probable cause and arrest techniques), 500A (theories and principles), 500B (breathalyzer) and 500C (simulator), and his claims are not persuasive even as to them. Section 400, concerning psychophysical testing, is irrelevant because the arresting officer did not perform any field sobriety tests. The remaining claims relate essentially to the scientific principles underlying the operation of the breathalyzer, and here respondent's obvious purpose is to " 'fish for impeaching material' " *(see, People v Di Lorenzo,* 134 Misc 2d 1000, 1001, *supra).* The subpoena, therefore, should have been quashed.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, without costs, motion granted and subpoena duces tecum quashed.