OPINION OF THE COURT
Peter J. Benitez, J.
By order to show cause, issued on May 7, 1990, on the ex *62 parte application of the New York City Police Department, the department moves to quash subpoenas duces tecum served on it by the Legal Aid Society on behalf of defendants in 15 cases.[1] Defendants have responded to the motion to quash, additional papers have been submitted to the court by both the police department and the Legal Aid Society and oral argument was held on the motion. With the consent of both parties and the court, the District Attorney’s office appeared and argued the motion on behalf of the police department.
The subpoenas in question each demand the production of various reports prepared by the police department in connection with the investigation of each case and the arrest of each defendant. The subpoenas are form subpoenas on which the specific reports requested are indicated by a check mark. While the specific reports sought vary from subpoena to subpoena, each requests all or some of the following police reports: arrest report, complaint report, complaint follow-up report, aided and accident report, defendant’s criminal record report, and on-line booking sheet. Additionally, several of the subpoenas seek production of the defendant’s arrest photograph.
In moving to quash the subpoenas, the police department specifically waives the failure of defendants to serve the department prior to the return date specified in the subpoena, the failure of defendants to give notice of the request for the subpoenas to the District Attorney’s office prior to their issuance, as required by CPLR 2307 (a) and CPL 610.20 (3), and the failure of the defendants to withdraw pending subpoenas after a disposition of the case by plea or dismissal or upon the issuance of a bench warrant based on the defendant’s failure to appear.[2] Rather, the department argues that under CPL article 610 and decisional law the defendants do not have the right to obtain by subpoena the specific material sought. The *63 defendants argue that the Sixth Amendment’s Compulsory Process Clause, Brady v Maryland (373 US 83 [1963]), and New York statutory law (CPL art 610) authorize them to obtain the requested material by subpoena. The position of defendants is that the Compulsory Process and Due Process Clauses of the US Constitution give them an unlimited and unrestricted right to compel the government to provide them with the police reports relating to their cases, that the subpoena authority provided to defendants in CPL article 610 codifies those asserted constitutional rights and independently creates a right to obtain the police reports by subpoena.
I
The Sixth Amendment guarantees a defendant in a criminal case the right "to have compulsory process for obtaining witnesses in his favor”. In Pennsylvania v Ritchie (480 US 39, 55 [1987]), the court noted that it has had little occasion to decide the scope of the Compulsory Process Clause. Except in narrow circumstances not presented here, the court has held that the Due Process Clause of the Fourteenth Amendment establishes a "clear framework” for reviewing constitutional claims relating to a defendant’s access to information, witnesses and documents and that the Compulsory Process Clause "provides no greater protections in this area than those afforded by due process”. (Pennsylvania v Ritchie, supra, at 56.) The rationale for the Supreme Court’s position is that a defendant does not have an unlimited and unrestricted right to compel the government to produce its files or evidence in its possession. Rather, a defendant’s constitutional right to obtain material from the government is limited, is determined by principles governing the fundamental fairness of trials, and, to the extent that a defendant does have a right to certain materials, procedures for obtaining them other than by compulsory process may satisfy those rights.
The Supreme Court has also held that the Confrontation Clause of the Sixth Amendment does not create a general right to pretrial discovery or to obtain materials from the government by subpoena. (Pennsylvania v Ritchie, supra, at 51-54.) While there has been disagreement as to whether, constitutionally, the right to cross-examine the government’s witnesses as guaranteed by that clause includes the right to pretrial discovery of some materials, the Supreme Court has held that no violation of the Confrontation Clause will exist *64 where there is a procedure established for a trial court, on a proper showing, to examine materials sought by a defendant to determine whether they contain exculpatory or impeaching evidence. Where other materials are sought, the Confrontation Clause is not implicated in the absence of a statute restricting access to information which due process requires be provided to a defendant. (Compare, Pennsylvania v Ritchie, supra, at 51-54 [plurality opn by Powell, J.], with, supra, at 61-66 [concurring opn by Blackmun, J.].)
Therefore, the constitutional analysis of the scope of defendants’ right to compel the government, through its police department, to turn over files and documents created in connection with the investigation of the crime for which the defendant stands accused is whether the denial of access to those files violates a defendant’s right to due process of law.
Decisions of the Supreme Court applying the Due Process Clause of the Fourteenth Amendment hold that there is "no general constitutional right to discovery in a criminal case * * * as * * * 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded’ ” (Weatherford v Bursey, 429 US 545, 559 [1977], quoting Wardius v Oregon, 412 US 470, 474 [1973]). While the Due Process Clause requires the government to disclose exculpatory evidence in its possession (Brady v Maryland, supra), the court has held that this constitutional obligation does not give a defendant the right, through discovery or by subpoena, to conduct his own review of the government’s files in search of potential exculpatory evidence. (See, Pennsylvania v Ritchie, supra, at 59-60; Weatherford v Bursey, supra, at 559, and the authorities cited therein; United States v Agurs, 427 US 97, 106, 111 [1976]; United States v Bagley, 473 US 667, 675 [1985].) "[T]he prosecutor is not required to deliver his entire file to defense counsel” (United States v Bagley, supra, at 675), and a reading of Brady that would create such a constitutionally required right of discovery " 'would entirely alter the character and balance of our present systems of criminal justice.’ ” (Supra, at 675, n 7, quoting dissenting opn in Giles v Maryland, 386 US 66, 117 [1967].)
Nor does due process require that a defendant be permitted to obtain nonexculpatory evidence in the government’s possession by subpoena. As the Supreme Court has held in the opinions discussed above, due process does not create a general right to discover evidence in the possession of the government nor does it give a defendant the right to compel its *65 production by subpoena even where there is a need for the defendant to inspect it prior to trial where other means are available to obtain that evidence. (See, United States v Nixon, 418 US 683 [1974], discussed below.)
Accordingly, a defendant does not have a constitutional right to obtain and search through the government’s files to discover exculpatory information or to ascertain the existence of evidence. Additionally, a defendant’s right to the production of evidence, as distinguished from informational discovery, from the government is limited and, to the extent required by due process, can be satisfied by statutorily established discovery procedures.[3]
II
Courts of this State have many times held that a subpoena "may not be used for the purpose of discovery or to ascertain the existence of evidence”. (See, People v Gissendanner, 48 NY2d 543, 551 [1979]; People v Bova, 118 Misc 2d 14, 16 [Sup Ct, Kings County 1983]; People v Simone, 92 Misc 2d 306, 309 [Sup Ct, Bronx County 1977], affd 71 AD2d 554 [1st Dept]; People v Di Lorenzo, 134 Misc 2d 1000 [County Ct, Nassau County 1987]; People v Cammilleri, 123 Misc 2d 851 [Sup Ct, Richmond County 1984]; People v Bolivar, supra.) While each of these cases dealt with defense subpoenas in different contexts, each reiterated the fundamental principle that the right of a defendant to compel testimony or the production of physical evidence or documents by subpoena in a criminal action was a right to require the giving of testimony or the production of physical evidence and not a discovery vehicle to obtain documents for pretrial inspection or to ascertain the existence of evidence.
The New York cases dealing with subpoenas cited by defendants as authority for the use of subpoenas to obtain police reports (People v Miranda, 115 Misc 2d 533, 535 [Sup Ct, Bronx County 1982]; People v Harte, 99 Misc 2d 86 [Sup Ct, Bronx County 1979]; People v McLoughlin, 104 Misc 2d 730 [Dist Ct, Nassau County 1980]) are distinguishable from those cases cited above in which that use of subpoenas has been *66 rejected. In Miranda, the court ordered an in camera inspection of the requested documents to determine whether they were discoverable. In Harte, the materials sought were evidentiary. In McLoughlin, the court treated the subpoena served on the District Attorney for police records relating to the case as a motion for discovery under CPL article 240. To the extent that the opinions in People v Miranda (supra), People v Harte (supra), and People v McLoughlin (supra) can be read as holding that a defendant may obtain police records that are themselves nonevidentiary or that a subpoena may be used to obtain material which is discoverable under CPL article 240, this court declines, based on statutory construction, the weight of persuasive decisional authority, and the reasons set forth herein, to follow them.
A fundamental distinction exists between a defendant’s right to discovery, as provided in CPL article 240, and a defendant’s right to compel the production of evidence by subpoena, as provided in CPL article 610. The right to discovery is the right to receive information and documents from the prosecution and its agents concerning the case. A defendant’s right to discovery is governed and limited by statute, CPL article 240. That article gives a defendant a right to demand and, if that demand is refused, to obtain court-ordered disclosure of certain information, documents and evidence. The specific material that is required to be disclosed is specified in the statute and the timing of its disclosure is, likewise, governed by statute.
The right to compulsory process, on the other hand, is the right to compel witnesses to come into court pursuant to subpoena and give testimony or produce documentary or other physical evidence. The right to compulsory process has its roots in constitutional principles which recognize that a defendant must be able to compel the production of evidence in the proceedings relating to the case in order to present a defense to the charges if he or she chooses to do so. However, based on the constitutional analysis set forth above and decisional law, the right to compulsory process is not an unlimited and unrestricted right to compel the production of any documents sought by a defendant. Rather, it is a restricted right, the exercise of which must satisfy certain relevancy and evidentiary standards and which is subject to other available procedures for obtaining the material sought.
The Court of Appeals has held that the right of compulsory process "is essentially a trial right, enabling an accused to *67 present his own version of the facts to the trial jury”. (People v Chipp, 75 NY2d 327, 336 [1990].) CPL 610.10 (2) and (3) specifically provide that a subpoena, which includes a subpoena duces tecum, is a process by which a person may be compelled to attend a court proceeding and “appear as a witness”, which means to give oral testimony, or appear and produce specified “physical evidence.” The right to compel material pursuant to subpoena is, therefore, limited to the compulsion of “evidence” and is not a right to compel the production of documents that refer to evidence or that provide leads that will assist in the identification of evidence or to ascertain the existence of witnesses or evidence. (Accord, see, People v Di Lorenzo, supra, at 1001; People v Simone, supra, at 309; People v Cammilleri, supra, at 853.) While CPL 610.25 (2) provides that a subpoena duces tecum may require the production of documentary and other physical evidence prior to trial, this provision relates only to the timing of the production of evidence pursuant to compulsion and does not alter the statute’s requirement that the documents or physical items whose production is compelled by subpoena be evidentiary. (Accord, People v Cammilleri, supra, at 852.)
Accordingly, the right to compel the production of evidence is not a right to obtain discovery of the prosecution’s case prior to trial or to conduct a search of the files created by the investigating or arresting authorities for details of the prosecution’s evidence or leads to potential defense evidence.
In United States v Nixon (supra), the court considered the application of the Federal corollary to our CPL article 610, rule 17 (c) of the Federal Rules of Criminal Procedure, in a case involving efforts by the Watergate prosecutor to subpoena Presidential materials and documents. The Supreme Court stated that a subpoena duces tecum was not a means for a defendant to obtain pretrial discovery, but rather, was a vehicle for securing the production of evidence at or before trial. (See, United States v Nixon, 418 US, supra, at 698-699, in particular, nn 11, 12 thereat.) In United States v Nixon (supra, at 699-700), the court endorsed Judge Weinfeld’s formulation in United States v Iozia (13 FRD 335, 338 [SD NY 1952]) of the appropriate standard by which a subpoena duces tecum should be judged before such subpoena will be upheld, which is a showing by the party seeking material: “(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party can not prepare for *68 trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.’ ” This standard is the appropriate one to be applied in applications for and motions to quash subpoenas duces tecum under our statute, CPL 610. (See, People v Price, 100 Misc 2d 372, 379 [Sup Ct, Bronx County 1979], and the cases cited therein.)
In this case the defendants have not satisfied the requirement that they show that the materials sought are evidentiary, or if they are, that their production prior to trial cannot otherwise be obtained or, if they cannot be, that pretrial production is necessary. Rather, defendants’ subpoenas are discovery subpoenas and "fishing expeditions.”
Rather than seeking to establish that the specific materials sought are evidence in the context of each of the 15 individual cases before the court, the defendants asserted, in response to questions from the court during oral argument, that "evidence” as that term is used in CPL article 610 includes documents which themselves may be introduced into evidence and documents such as those sought here which may refer to potential evidence, suggest the existence of evidence or provide leads to evidence. This expansive characterization of evidence is rejected. Evidence, as used in the law, is the medium of proof by which facts are established or disproved. (Richardson, Evidence § 1 [Prince 10th ed].) In order to be admissible, evidence must not only be relevant and material to an issue in the case, but must also be competent evidence, " 'that which the very nature of the thing to be proved requires, as the fit and appropriate proof in the particular case’ ”. (Richardson, op. cit., § 4, quoting Greenleaf, Evidence § 2 [16th ed].)
The failure of defendants to present a showing that the materials sought are evidence is sufficient to warrant the granting of the motion to quash. Additionally, to the extent to which the police reports sought could be evidentiary in that they may contain material with which they can impeach the prosecution’s witnesses, and that the arrest photograph could be evidentiary if identity is an issue in the case and the defendant’s appearance when arrested is material to that issue, such would not permit the defendants to obtain those *69 materials by subpoena. As discussed above, even where material sought by subpoena is evidentiary and relevant, a defendant must establish that its production prior to trial is necessary and that there are no other means available to obtain it prior to trial. Accordingly, where material is discoverable under article 240 it may not independently be obtained by a defendant by subpoena even if it is evidentiary, unless due process requires that a defendant have that material earlier than provided under the discovery statute. (See, People v Di Lorenzo, supra, and the cases cited therein at 1001; People v Price, supra.)
Applying these standards, this court concludes that, to the extent that the materials sought here may be evidence, they may be obtained through discovery and the defendants do not have a due process right to obtain that material from the government earlier than it is required to be produced under the discovery statute. The discovery statute, CPL 240.20 (1) (h), requires the prosecutor to produce exculpatory material on demand and that obligation is a continuing obligation. Nonexculpatory impeachment material, such as prior statements of witnesses which are not known by the prosecution to be inconsistent with the testimony that the witness is expected to give at trial is required by CPL 240.44 and 240.45 to be provided to a defendant at the pretrial hearing where the witness testifies or at trial if the witness does not testify at pretrial hearings. As the Supreme Court observed in United States v Nixon (supra, at 701), "[generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.”
Also, the defendant’s arrest photograph is obtainable through discovery pursuant to CPL 240.20 (1) (d), the accident and aided report is obtainable pursuant to CPL 240.20 (1) (c), and the defendant’s criminal record history is provided to defense counsel as a part of the arraignment process.
Accordingly, as our statutes provide a constitutionally acceptable process for a defendant to obtain information or evidence to which, under due process standards, he is entitled and the defendants here have failed to demonstrate that they have a right to obtain the materials sought by subpoena, the New York City Police Department’s motion to quash the 15 subpoenas is granted.

. The original motion to quash related to six subpoenas. Subsequent to the service of the motion, the police department added another nine subpoenas to the motion pursuant to an agreement with the Legal Aid Society that the motion to quash all 15 subpoenas would be consolidated for motion practice, argument and decision.

. While not addressed by either party in this motion to quash, it is clear that, pursuant to CPLR 2307 (a), a Judge of the Criminal Court may not issue a subpoena in connection with a felony complaint pending in that court. (See, People v Bolivar, 121 Misc 2d 229, 231 [Grim Ct, NY County 1983].) During oral argument, the Legal Aid Society conceded that at least one of the subpoenas at issue here was issued in connection with a felony complaint.

. The Supreme Court of Illinois’ reliance, in People ex rel. Fisher v Carey (77 111 2d 259, 396 NE2d 17 [1979]), upon constitutional principles to require the production of police reports by subpoena for the purposes of enabling a defendant to cross-examine the prosecution’s witnesses at a preliminary hearing is distinguishable from the issue before this court.