OPINION OF THE COURT
John A. Moriarity, J.
The People’s motion for an order granting reargument of the defendant’s omnibus motion is granted. Upon reargument, the court amends its decision dated July 12,1991, as follows:
That portion of the motion requesting the date of manufacture of the Intoxilyzer machine on which the defendant’s test was conducted is denied, upon the People’s representation that they have been unable to ascertain the date from the manufacturer despite a good-faith effort to do so.
The People’s request that the defendant be denied discovery of the operator’s training manual and related memoranda, bulletins, etc., concerning use of the Intoxilyzer machine, as enumerated in defendant’s demand E (xiv) and (xv), is denied. *442 The cases cited by the People in support of their argument that the defense is not entitled to discovery of said items addressed impermissible defense efforts to obtain discovery through the use of a subpoena duces tecum in circumvention of CPL article 240. (See, Matter of Constantine v Leto, 157 AD2d 376 [3d Dept 1990], affd 77 NY2d 975; People v Di Lorenzo, 134 Misc 2d 1000 [Nassau County Ct 1987]; People v Gissendanner, 48 NY2d 543 [1979].)
Furthermore, while the Third Department, in dicta, stated that in its opinion the operator’s training manual for the breathalyzer is not discoverable (Matter of Constantine v Leto, supra, 157 AD2d, at 379), the case at bar concerns discovery of the operator’s training manual for the Intoxilyzer; a completely different device. Unlike the breathalyzer, which has been in use since 1954, the Intoxilyzer is an infrared breath-testing device of relatively recent development (see, Gerstenzang, Handling the DWI Case in New York, § 34.7, at 239 [1989 Supp]), and its use and procedures are not as familiar or commonplace as those of the breathalyzer. (See, People v Gallagher, 132 Misc 2d 195, 197-198 [Dist Ct, Suffolk County 1986].) Because the Intoxilyzer has not yet been granted judicial recognition by an appellate level court, its scientific reliability is generally recognized only following a hearing. Certain inaccuracies in its BAG readings have been duly noted, specifically, where a subject has an abnormal body temperature or has been exposed to the chemical toluene, present in paint thinners. (See, People v Summa, 140 Misc 2d 763, 768, n 2 [Dist Ct, Suffolk County 1988]; People v Gallagher, 133 Misc 2d 717 [Dist Ct, Suffolk County 1986]; People v Gallagher, 132 Misc 2d 195, supra.)
For the foregoing reasons, this court finds the operator’s training manual for the Intoxilyzer and related materials to be properly discoverable and adheres to that portion of its decision dated July 12, 1991, granting such discovery.