■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN MORRIS BUTCHINO, Appellant.— Appeal from a judgment of conviction rendered upon a verdict of guilty by the jury at Trial Term, County Court, St. Lawrence County. Defendant has been convicted of assualt in the second degree on a woman; the proof strongly supports the conviction, but we are of opinion there must be a new trial on procedural grounds. At the time of his conviction in June, 1958 defendant was a ward of the United States Veterans' Administration and there was still outstanding an adjudication of mental incompetency entered by the Supreme Court, Onondaga County, in March, 1951. Defendant had previously (1946) been in the Veterans' Administration Hospital and had there undergone psychiatric examination which showed him mentally ill. Before the opening of the trial of this case in 1958 defendant's counsel applied for an order to issue subpœnas for the physician at Dannemora State Hospital where defendant was previously confined, and for the examining physicians at Veterans' Hospitals at Batavia, Syracuse and Buffalo. Although it is possible that some of these subpœnas might have been issued by counsel without application to the court, as to the one in the State prison, and perhaps also those in the hospitals, application to the court might have been necessary. (Cf. Code Crim. Pro., § 610-b.) In any event, the mere formal application for the subpœnas was widened out, through the objection of the District Attorney and the ruling of the Judge, into a determination of the question of the materiality and competency of the proposed testimony as though it had been produced. The Judge asked counsel " for what purpose " he requested the subpœnas and counsel replied " For the purpose of showing the insanity, continuing insanity of the defendant at the time of the commission of the crime ". The District Attorney objected on the ground that " it " (i.e., the proposed medical testimony) is " too remote "; that there " is no indication " that there has been " any legal insanity ". He made the further statement, apparently with the jury panel present in the court " that we have a report that there is no legal insanity ". The court, without comment or statement of reason, categorically denied the motion. This amounted to a ruling that whatever the defendant's mental condition may have been when he was adjudicated incompetent or when he was examined by State or Veterans' Administration doctors, seven or eight years before, the court would not receive medical proof relating to it. Such a ruling would have been improper if the testimony had been offered and if it showed a continuing condition especially in view of the adjudicated mental incompetency of the defendant and his wardship by the Veterans' Administration. The form of the ruling in response to an objection by the District Attorney, not based on the procedure for issuing a subpœna but on the merits of the question of admissibility of the evidence sought, amounts to a ruling of exclusion. This, it seems to us, becomes more significant in view of the statement of the District Attorney to the court after the conviction that the report of the psychiatrist appointed by the court was that the defendant " was psychotic but not legally insane " and that he " is still psychotic and still legally sane ". When a psychotic person commits a crime the usual practice is to submit to the jury the question of his criminal responsibility and the evidence on this subject which defendant sought to obtain ought to have been made available and ought to have been passed upon as to competency and relevancy when the testimony was actually tendered. Judgment reversed and a new trial ordered. Bergan, J. P., Coon, Gibson, and Reynolds, JJ., concur.