STATE OF HAWAII, Plaintiff-Appellant, *v.* MARIA D. PACARRO, Defendant-Appellee

NO. 6316

MAY 21, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., RETIRED JUSTICE MARUMOTO IN PLACE OF KIDWELL, J., ABSENT, AND RETIRED JUSTICE KOBAYASHI ASSIGNED BY REASON OF VACANCY

*Per Curiam.* The State of Hawaii, plaintiff-appellant, appeals from a pretrial order entered by the district court of the first circuit. Said order granted a motion by Maria D. Pacarro, defendant-appellee, for the suppression of evidence; denied State's oral motion to quash appellee's subpoena duces tecum directed to the Custodian of Records, Honolulu Police Department, and appellee's subpoena duces tecum directed to the Prosecuting Attorney, City and County of Honolulu; and denied State's oral motion for continuance to file a motion to quash said subpoenae duces tecum.

We are of the opinion that the district court erred: (1) in granting appellee's motion for the suppression of evidence; and (2) in denying State's oral motion to quash appellee's subpoenae duces tecum. We, therefore, reverse.

Upon review of the record, we conclude that there was probable cause for the officer to arrest appellee and that the subsequent search, which produced the evidence in question, was valid as a search incident to a lawful arrest. *State v. Barnes,* 58 Haw. 333, 335, 568 P.2d 1207, 1209-10 (1977).

The subpoenae duces tecum in question were identically worded. The Custodian of Records and the Prosecuting Attorney were directed as follows:

YOU ARE HEREBY ORDERED to appear in and before the above-entitled Court, located at 842 Bethel Street, Honolulu, Hawaii, on the 17th day of August, 1976, at 1:10 o'clock P.M. to testify as witness in or on behalf of the defendant in the above-entitled action.

YOU ARE FURTHER ORDERED to bring with you the books, papers and documents or other things in your possession or under your control, described as follows:

All reports and records, including "mug shot" photographs, related to the arrest and booking of defendant for (1) the above entitled offense, and (2) a similar statutory offense allegedly committed approximately two hours earlier at the Liberty House, Kahala Mall store, the police report of which being the subject hereof.

The Custodian of Records was served with the subpoena on August 16, 1976, at 9:40 A.M.

The Prosecuting Attorney was served with the subpoena on August 17, 1976, at 8:03 A.M.

Trial was scheduled for August 17, 1976, at 1:30 P.M.

Rule 31(c), District Court Rules of Penal Procedure (1972) (D.C.R.P.P.),[1] authorizes the subpoena duces tecum in the district court.

We have not, heretofore, construed Rule 31(c), D.C.R.P.P.; nor have we construed Rule 17(c), Hawaii Rules of Criminal Procedure, or Rule 17(b), Hawaii Rules of Penal Procedure. However, since Rule 31(c), D.C.R.P.P., has been patterned after Rule 17(c) of the Federal Rules of Criminal Procedure, we will utilize the judicial constructions of Rule

---

[1] Rule 31(c) of the District Court Rules of Penal Procedure (1972) provides:

(c) FOR PRODUCTION OF DOCUMENTARY EVIDENCE AND OF OBJECTS. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects *designated therein*. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects *designated in* the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be *offered in evidence* and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys. (Emphasis added.)

The language of Rule 31(c), D.C.R.P.P., is identical to that of Rule 17(c), Hawaii Rules of Criminal Procedure (presently Rule 17(b), Hawaii Rules of Penal Procedure, effective January 1, 1977), and that of Rule 17(c) of Federal Rules of Criminal Procedure.

The provisions in our above rules were patterned after the Federal Rule.

17(c) by the federal courts, as well as rely upon the plain meaning of the provisions of Rule 31(c), D.C.R.P.P.

The appellant contends that Rule 31(c), D.C.R.P.P., is not a rule providing for an additional means of discovery of evidence. We agree with the appellant's contention.

Rule 31(c) provides, in part:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects *designated* therein. (Emphasis added.)

Webster's Third New International Dictionary (unabridged, 1967) defines the term "designate", in part, as follows:

a. to point out the location of . . .; b. to make known directly as if by sign . . .; . . . d. specify . . . .

Thus, a subpoena duces tecum phrased in general terms, without specification or particularization of the documents required to be produced, fails to meet the requirements of Rule 31(c). *See United States v. Nixon,* 418 U.S. 683, 700 (1974).

Further, Rule 31(c) provides:

*documents or objects designated* in the subpoena be produced before the court at a time prior to the trial or prior to the time when they *are to be offered in evidence* . . . .

In our opinion the phrase "to be offered in evidence" means that the designated documents or objects must be of an evidentiary nature and also meet the tests of relevancy and admissibility. *See United States v. Nixon, supra* at 700; *United States v. Marchisio,* 344 F.2d 653, 669 (2d Cir. 1965).

Thus, the provisions of Rule 31(c) do not suggest or provide for any means of discovery of evidence or permit any "fishing expedition". *See United States v. Nixon, supra* at 700; *Bowman Dairy Co. v. United States,* 341 U.S. 214, 221 (1951); 2 Wharton's Criminal Procedure § 382, at 389 (12th ed. 1975). It is generally recognized that in criminal cases the subpoena duces tecum was not intended to provide an additional means of discovery. *United States v. Nixon, supra* at 698; *Bowman Dairy Co. v. United States, supra* at 221; *United States v. Marchisio, supra* at 669; *United States v. Jannuzzio,* 22 F.R.D. 223, 227 (D.C. Del. 1958); 2 Wharton's Criminal

Procedure, *supra*, § 382, at 389. *See* 8 Moore's Federal Practice, Rules of Criminal Procedure, ¶ 17.07, at 17-25 (2d ed. 1978 rev.). 1 Wright, Federal Practice and Procedure, Rules of Criminal Procedure, § 274, at 550 (1969).

In our opinion, the subpoenae duces tecum herein failed to meet the requirements of Rule 31(c), D.C.R.P.P., because they were overbroad and lacking in specificity.

The problem here was compounded further because the subpoenae duces tecum were served on the appellant a short time prior to trial. The appellant having moved promptly to quash the subpoenae duces tecum, the trial court should have quashed or modified the subpoenae, for requiring compliance therewith was unreasonable, in fact, oppressive.

Reversed and case remanded to the trial court for further proceedings.

*J. Leo McCormick, Jr.*, Deputy Prosecuting Attorney *(Roy K. S. Chang*, Deputy Prosecuting Attorney, on the brief) for plaintiff-appellant.

*Charles H. Silva, Jr.*, for defendant-appellee.