OPINION OF THE COURT
Joseph G. Golia, J.
The police department, joined by the District Attorney’s office, moves to quash several "So Ordered” subpoenas submitted by the Legal Aid Society calling for the production of various police reports.
Neither the police department nor the People ground their motion on a claim of possible danger to a witness or, for that matter, anything else specific to this case. They instead argue *1017 that the defense should not be permitted to obtain documents by way of subpoena before they are entitled to receive them by statutorily directed discovery. They also are concerned that the defendant may obtain information that is not specifically granted to them under the statutorily mandated discovery.
These arguments, while logically persuasive, reveal a fundamental lack of appreciation of a defendant’s right to compulsory process (see, United States v Nixon, 418 US 683) as well as the prosecutor’s obligation to provide certain discovery to all criminal defendants.
Commencing with Brady v Maryland (373 US 83) and a myriad of subsequent cases, the Supreme Court determined that the People have an obligation to provide all defendants with any evidence that is material and/or favorable and that is in their possession.
In New York State, the People have a further obligation imposed upon them to turn over to the defendant, at certain times, various other types of information as set forth in the Criminal Procedure Law.
Amongst these are CPL 710.30, notice of statements or identification within 15 days of arraignment; CPL 190.50, notice of defendant’s right to testify before a Grand Jury; and CPL article 240, discovery.
Although the People may argue that, inasmuch as the provisions of CPL 240.45 (1) (a) clearly state that prior statements and testimony of all witnesses are to be turned over "After the jury has been sworn and before the prosecutor’s opening address” (emphasis added), they are therefore statutorily prohibited from providing such discovery prior to the jury being sworn. This argument is without merit. Indeed it is contrary to the learned Practice Commentary of the Hon. Joseph W. Bellacosa which states, "Of course, nothing here prohibits an earlier exchange”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.45, at 409.)
It should be clear to any student of constitutional law that the notice and discovery obligations that were statutorily placed upon the People were enacted to guarantee that a defendant receive a certain minimum level of discovery. They were not meant to restrict the defendant’s right to other legally permissible avenues.
The Sixth and Fourteenth Amendments of the United States Constitution provide for compulsory process of both *1018 witnesses and documentary evidence without the framework of the Due Process Clause.
It is important to appreciate that a defendant’s search for documentary evidence should not be limited to the prosecutor’s determination of what constitutes evidence in any given case. It is possible, indeed probable, that a defendant’s attorney may view things from a different perspective when examining the same evidence; in this case, the police reports in question.
This is not to say that a defendant’s attorney should be given free rein to pour through any and all documents and reports without regard to relevance and materiality or the safety of the public at large. However, and I emphasize that, a valid need for safeguards should never serve as an excuse to establish a prohibition.
The court should not permit either the prosecutor or the police to "hamstring” a defendant’s valid search for relevant and material evidence by restricting the defendant’s access to compulsory process.
It is time that the People learn that a criminal trial is not a board game governed by the rules set forth in the Criminal Procedure Law that require certain information be doled out to their adversary only at certain prearranged times.
Rather, as John Locke, an eminent 17th century English philosopher, postulated, a criminal proceeding is an important and necessary component of society’s social contract. In reality it is an agreement by all the members of society to allow certain select members to establish and maintain order.
The Criminal Procedure Law, taken within that social contract, should be less a set of stagnant rules and more a dynamic framework in which an adversarial proceeding may be conducted on equal and level ground.
To be sure, one of the great equalizers in this process is the constitutionally authorized use of compulsory process. I will not now remove that right from the defendant’s cache.
Accordingly, the police department’s motion to quash defendant’s subpoena is denied.