225 P.3d 646

**HONOLULU POLICE DEPARTMENT,**
Petitioner,

v.

**The Honorable Michael A. TOWN, Judge of the Circuit Court of the First Circuit, State of Hawai'i; Obed K. Kay; and State of Hawai'i, Respondents.**

No. 30262.

Supreme Court of Hawai'i.

Feb. 4, 2010.

Carrie K.S. Okinaga, Corporation Counsel, and Kyle K. Chang, Deputy Corporation Counsel, for petitioner.

MOON, C.J., NAKAYAMA, DUFFY, and RECKTENWALD, JJ.; with ACOBA, J., concurring in the result only.

PER CURIAM.

In this original proceeding, petitioner Honolulu Police Department (HPD) petitioned this court for a writ of mandamus directing respondent the Honorable Michael A. Town, judge of the Circuit Court of the First Circuit (the respondent judge), to vacate an October 8, 2009 order denying HPD's motion to quash a subpoena duces tecum served on HPD's custodian of records by respondent Obed K. Kay (defendant Kay), who issued the subpoena in *State of Hawai'i v. Obed K. Kay* (Criminal No. 07–1–1315) for production of police records concerning the complaining witness (the complainant). HPD had moved to quash the subpoena on the ground that it impermissibly sought discovery of the police records pursuant to the subpoena provision of Hawai'i Rules of Penal Procedure (HRPP) Rule 17(b) (2007), quoted *infra*, rather than the discovery provision of HRPP Rule 16(b)(2) (2007), quoted *infra*.

On January 13, 2010, we issued an order granting HPD's petition for a writ of mandamus and vacated the respondent judge's October 8, 2009 order.

Based on the following, we hold that HRPP Rule 17(b) does not permit a defendant to directly subpoena police or other governmental personnel for discoverable material or information independently and apart from HRPP Rule 16(b)(2).

## I. *Background*

On July 17, 2007, defendant Kay was charged by complaint with first degree terroristic threatening, Hawai'i Revised Statutes (HRS) § 707–716(1)(d) (1993) (Count 1);

kidnapping, HRS § 707–720(1)(e) (1993) (Count 2); place to keep pistol or revolver, HRS § 134–25 (Supp.2006) (Count 3); and carrying or use of a firearm in the commission of a separate felony, HRS § 134–21 (Supp.2006). As to counts 1 and 2, the complaint alleged that defendant Kay threatened, by word or conduct, to cause bodily injury to the complainant, with the use of dangerous instrument, and intentionally or knowingly restrained the complainant, with the intent to terrorize the complainant or a third person.

Defendant Kay was arraigned on July 26, 2007 and pled not guilty to all counts. The case was calendared for a three-to-four day jury trial. Defendant Kay indicated that he would raise the defenses of reasonable doubt, ignorance or mistake of fact or law, consent, *de minimus* infraction of the law, choice of evils, defense of self, others, or property, and lack of knowledge or intent.

Trial was initially scheduled for September 24, 2007, but was continued ten times for a variety of reasons. Defendant Kay agreed to all the continuances. He waived his constitutional and HRPP Rule 48 right to speedy trial on September 18, 2007, February 14, 2008, June 19, 2008, September 4, 2008, April 16, 2009, July 9, 2009, and September 24, 2009. He had been in pretrial custody, but was released on supervised release on April 24, 2008.

On August 16, 2009, defendant Kay obtained discovery from the prosecution of a criminal history record of the complainant. On September 10, 2009, defendant Kay issued and served a subpoena duces tecum on HPD's custodian of records. The subpoena was issued pursuant to HRPP Rule 17(b).[1] It commanded HPD's custodian of records to appear as a witness before the respondent judge, in defendant Kay's criminal case, on September 24, 2009, at 8:30 a.m. and to bring, "for court inspection," "copies of HPD Police Reports # 07–104943, # 04–427752, # 04–448044, and # 04–455004, made in connection with the arrest of [the complainant]."

HPD moved, on September 23, 2009, to quash defendant Kay's subpoena duces tecum. HPD contended that the subpoena constituted an impermissible attempt by defendant Kay to circumvent the discovery procedure of HRPP Rule 16 by obtaining discovery of the complainant's police records directly from HPD pursuant to HRPP Rule 17(b), rather than from the prosecution pursuant to HRPP Rule 16(b)(2).[2] HPD argued that defendant Kay never requested discovery from the prosecution of the police reports identified in the subpoena duces tecum and that defendant Kay's subpoena of those police records was contrary to *State v. Pacarro*, 61 Haw. 84, 87, 595 P.2d 295, 298 (1979), which construed HRPP Rule 17(b) as "not intend[ing] to provide an additional

---

1. **HRPP Rule 17. SUBPOENA.**

   **(a) For attendance of witnesses; form; issuance.** A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank, to a party requesting it, who shall fill in the blanks before it is served.

   **(b) For production of documentary evidence and of objects.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the

books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

2. **HRPP Rule 16. DISCOVERY.**

   . . . .

   **(b)Disclosure by the prosecution.**

   . . . .

   (2) DISCLOSURE OF MATTERS NOT WITHIN PROSECUTION'S POSSESSION. Upon written request of defense counsel and specific designation by defense counsel of material or information which would be discoverable if in the possession or control of the prosecutor and which is in the possession or control of other governmental personnel, the prosecutor shall use diligent good faith efforts to cause such material or information to be made available to defense counsel; and if the prosecutor's efforts are unsuccessful the court shall issue suitable subpoenas or orders to cause such material or information to be made available to defense counsel.

means of discovery [apart from HRPP Rule 16]," nor permitting any "fishing expedition." HPD further argued that defendant Kay's use of HRPP Rule 17(b) resulted in a "waste of judicial and other governmental resources" because the issue of the discoverability of the complainant's police records was "outside the scope" of HPD's counsel, the Corporation Counsel, who was not privy to the facts of defendant Kay's case, and required Corporation Counsel to respond to the subpoena by a motion to quash.

Defendant Kay opposed HPD's motion to quash. He contended that his state and federal constitutional right to compulsory process[3]—to compel the production of documents—allowed him to obtain the complainant's police records by subpoena duces tecum pursuant to HRPP Rule 17(b), "independently and apart from the normal discovery process of HRPP Rule 16." The contention was grounded on a decision of a New York County trial court in *People v. Burnette*, 160 Misc.2d 1005, 612 N.Y.S.2d 774 (N.Y.Sup.Ct. 1994), wherein the court, Judge Goodman presiding, refused to quash a criminal defendant's subpoena duces tecum to the New York City Police Department—issued pursuant to a New York statute equivalent to HRPP Rule 17(b) ("subpoena statute")—for police records for which disclosure had not been sought from the prosecution pursuant to a New York statute equivalent to HRPP Rule 16 ("discovery statute"). Judge Goodman rejected the New York City Police Department's contention that the police reports were discoverable under the discovery statute such that discovery could be conducted only in accordance therewith.

> The right to compulsory process is guaranteed to all criminal defendants by the Sixth and Fourteenth Amendments to the Constitution of the United States. In this state, the Court of Appeals recently wrote that the purpose of a subpoena is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding."
>
> Moreover, the view urged by the Police Department is inconsistent with the statutory scheme reflected in [the subpoena statute.] In particular, [the subpoena statute] specifically states that a subpoena may require that the material being subpoenaed be produced prior to the date of trial. As the Practice Commentary notes, the statute provides no exemption for "material" as may be found in [the discovery statute]. The Commentary also states that the purpose of [the subpoena statute] is to "foster early availability of evidence to reduce surprise and gamesmanship."
>
> . . . .
>
> The above lends me to reject the argument of the Police Department that [the discovery statute] represents a ceiling for discovery. Rather, I view the discovery provisions as providing "a guarantee that a defendant receive a certain minimum level of discovery." Since the purpose of [the discovery statute] was to broaden discovery there is no reason to think that it was meant to limit the exercise by the defendant of the right to compulsory process as provided in the United States Constitution or [the subpoena statute]. In fact it is clear that the subpoena power extends to items not discoverable under [the discovery statute].

*Burnette*, 612 N.Y.S.2d at 777–78 (internal citations omitted). Pursuant to the view expressed by Judge Goodman, defendant Kay argued that:

> In the case at bar, [the circuit] court should view the use of the subpoena duces tecum issued pursuant to HRPP Rule 17(b) in the same light as did the trial court in *Burnette*.
>
> 1. A defendant clearly has constitutional rights to discover substantive material that tends to negate guilt, impeachment material that supports an attack on the credibility of adverse witnesses, sentencing material that would tend to reduce punishment upon conviction, and material that is essential to enable a defendant to conduct adequate pre-trial investigation, to file pre-trial motions, or to make informed pre-trial strategy decisions—the defendant is entitled to this material apart from the mechanism set forth in HRPP Rule 16 which

---

**3.** Hawai'i Constitution, Article I, Section 14; United States Constitution, Amendment VI.

delineates only a certain minimum level of discovery.

2. There is no reason to think that HRPP Rule 16 was meant to limit the exercise by the defendant of the right to compulsory process—a mere statute cannot diminish a constitutional right.

3. There is no exemption within HRPP Rule 17 against the use of a subpoena duces tecum where the subject matter may be covered by HRPP Rule 16.

4. The purpose of HRPP Rule 17 is to foster early availability of evidence, to reduce surprise and gamesmanship.

5. HRPP Rule 17(b) specifically states that the court may direct that materials designated in the subpoena "be produced before the court at a time prior to trial." If a defendant directly subpoenas HPD, he acts to preserve his right to a speedy trial, whereas making a written request to the prosecutor (assuming the subject matter falls within the discoverable matters listed in HRPP Rule 16), following up with a motion to compel, and then having a hearing on the motion, would result in *delay* injurious to the defendant's right to speedy trial, incur extra *cost* in resources of the court, the prosecutor, and the defense, and may *still require a subpoena or court order* to HPD—when the Corporation Counsel files motions to quash, it engages in gamesmanship.

(Original emphasis).

The respondent judge heard HPD's motion to quash on September 24, 2009. At the outset of the hearing, the respondent judge remarked that: (1) the procedure challenged by HPD was an efficient procedure for obtaining police records in criminal cases; (2) the respondent judge was accustomed to the procedure; (3) HPD's challenge was "jamming up" defendant Kay's constitutional and HRPP Rule 48 speedy trial right; and (4) the respondent judge "d[id]n't appreciate [the challenge]." These remarks were echoed by the public defender, as counsel for defendant Kay, who stated that the subpoenaing of police records directly from HPD, without requesting the records from the prosecution, has been a long standing practice of the public defender in the circuit, district, and family courts and that the procedure was challenged "just this year" by the Corporation Counsel by motions to quash the public defender's subpoenas. "Past practice and [the] constitutional right [to compulsory process]," the public defender argued, "[gave defendant Kay the] independent right to subpoena HPD notwithstanding any provisions of Rule 16."

Corporation Counsel countered that police records are protected by privacy rights under HRS Chapter 92F and that HPD would be subject to suit if it simply turned over police records without confirming the legality of the disclosure. Corporation Counsel noted that the subpoena of police records directly from police personnel pursuant to HRPP Rule 17(b) was occurring only in the first judicial circuit and that in the other three judicial circuits, the defense bar "actually follows Rule 16" by seeking disclosure through the prosecutor. Corporation Counsel reiterated that "*State v. Pacarro* is still good law, and it's clear that subpoenas are not meant to be used as an additional means of discovery."

The prosecution, which appeared at the September 24, 2009 hearing, took the position that the complainant's police reports subpoenaed by defendant Kay "do not specifically pertain to [defendant Kay's] case." Consequently, the prosecution argued that the police reports were "not discoverable under Rule 16 and that is why the [prosecution] at this point is not providing them."

The respondent judge orally denied HPD's motion to quash and ordered HPD to deliver the complainant's police records to the circuit court for screening. The screening was ordered over objection of the public defender, who argued that defendant Kay was entitled to all of the police reports, without screening, because the reports concerned the complainant. The public defender further stated that defendant Kay "can't go [to trial] without those reports" and thereby agreed to a trial continuance to January 19, 2010 and waived defendant Kay's speedy trial right.

Findings of fact, Conclusions of Law and Order denying HPD's motion to quash was drafted by the public defender and adopted

and entered by the respondent judge on October 8, 2009.

*Findings of Fact*

. . . .

2. On September 10, 2009, the defense filed a Subpoena Duces Tecum ... directed to [HPD] to produce "copies of HPD Police Report # 07–104943, # 04–427752, # 04–448044, and # 04–455004, made in connection with the arrest of [the complainant]." [The complainant] is the complaining witness in Cr. No. 07–1–1315.

. . . .

9. This court finds that the material subpoenaed by the Public Defender is discoverable. A defendant has a constitutional right to have certain types of material in preparation for trial—substantive information that tends to negate the guilt of the defendant, impeachment information that supports an attack on the credibility of adverse witnesses, or sentencing information that would tend to reduce punishment upon conviction; a defendant also has a constitutional right to have material that is essential to conduct adequate pre-trial investigation, to file pre-trial motions, and to make informed pre-trial strategy decisions. [The complainant] is the complaining witness in the case at bar; the subpoenaed material consist of police reports for offenses for which [the complainant] was ultimately convicted; these materials may provide impeachment material of a key witness against the defendant, or assist the defendant to conduct adequate pre-trial investigation, to file pre-trial motions, and to make informed pre-trial strategy decisions.

10. This Court finds that the Office of the Public Defender may *directly subpoena HPD for material independently and apart from HRPP Rule 16(b)(2)* because:

(a) A defendant has a constitutional right to discover substantive material that tends to negate guilt, impeachment material that supports an attack on the credibility of adverse witnesses, sentencing material that would tend to reduce punishment upon conviction, as well as material that is essential to enable a defendant to conduct adequate pre-trial investigation, to file pre-trial motions, or to make informed pre-trial

strategy decisions—the defendant is entitled to these materials independently and apart from the mechanism set forth in HRPP Rule 16, which delineates only a certain minimum level of discovery.

(b) A defendant has a constitutional right to compulsory process, which includes the right to compel the attendance of witnesses and the right to compel the production of documents. There is no reason to think that HRPP Rule 16 was meant to limit that constitutional right—a mere statute cannot diminish a constitutional right.

(c) There is no exemption within HRPP Rule 17 against the use of a subpoena duces tecum where the subject matter of the subpoena may be covered by HRPP Rule 16.

(d) The purpose of HRPP Rule 17 is to foster early availability of evidence, and to reduce surprise and gamesmanship, and HRPP Rule 17(b) specifically states that the court may direct that materials designated in the subpoena "be produced before the court at a time prior to the trial." If a defendant directly subpoenas HPD, he acts to preserve his constitutional and statutory rights to a speedy trial (especially important where defendant may be in custody awaiting trial)—whereas making a HRPP Rule 16(b)(2) written request to the prosecutor and waiting for a response, following up with a motion to compel and waiting for a hearing, and then having the court issue the same subpoena (that otherwise would have been issued) and waiting for a return, would result in *delay* injurious to a defendant's rights to a speedy trial, and incur extra *cost* in resources of the court, the prosecutor, and the defense;

(e) HRPP Rule 2 provides that, "These rules are intended to provide for the just determination of every penal proceeding. *They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.*" Allowing the Office of the Public Defender to directly subpoena HPD independently and apart from HRPP Rule 16 will make the discovery process simpler, will be fair to all concerned parties—(the court will conduct an *in camera* inspection, entertain any objec-

tions to disclosure, have the material sealed and made part of the record under HRPP Rule 16(e)(6), and disclose material that is constitutionally or statutorily required)—and will eliminate unjustifiable expense and delay; this will result in a just determination of the penal proceeding.

### Conclusions of Law

1. The defendant has a constitutional due process right to discover substantive material that tends to negate the guilt of the defendant or reduce punishment, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *State v. Matafeo*, 71 Haw. 183, 787 P.2d 671 (1990), and impeachment material that supports an attack on the credibility of witnesses, *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), *State v. White*, 92 Hawai'i 192, 990 P.2d 90 (1999) (error to prohibit discovery of police reports by subpoena regarding pending charges against 3rd party witness against defendant, which would have shown motive under HRE 609.1 to fabricate testimony against defendant); the defendant also has a constitutional due process right to discover material that is essential to enable a defendant to conduct adequate pre-trial investigation, to file pre-trial motions, and to make informed pre-trial strategy decisions. The materials subpoenaed by the defendant are discoverable.

2. The defendant has a constitutional right to compel the attendance of witnesses and to compel the production of documents. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), *State v. Valmoja*, 56 Haw. 452, 540 P.2d 63 (1975). The mechanism employed to enforce this right is the subpoena for witnesses, or subpoena duces tecum for materials, under HRPP Rule 17.

3. A defendant may directly subpoena HPD for discoverable materials under HRPP Rule 17 independently and apart from HRPP Rule 16, *cf. State v. White, supra*, because

(a) A defendant's constitutional right to discover material exists independently and apart from HRPP Rule 16, which delineates only a minimum level of discovery obtainable from the prosecution;

(b) HRPP Rule 16 cannot limit or diminish the defendant's constitutional right to compulsory process;

(c) There is no exemption within HRPP Rule 17 against the use of a subpoena duces tecum where the subject matter of the subpoena may be covered by HRPP Rule 16;

(d) The purpose of HRPP Rule 17 is to foster early availability of evidence, and to reduce surprise and gamesmanship, and HRPP Rule 17(b) specifically states that the court may direct that materials designated in the subpoena "be produced before the court at a time prior to the trial." If a defendant directly subpoenas HPD, he acts to preserve his constitutional and statutory rights to a speedy trial—whereas making a HRPP Rule 16(b)(2) written request to the prosecutor and waiting for a response, following up with a motion to compel and waiting for a hearing, and then having the court issue the same subpoena and waiting for a return, would result in *delay* injurious to the defendant's speedy trial rights, and incur extra *cost* in resources of the court, the prosecutor, and the defense;

(e) Allowing discovery by subpoena directly on HPD independently and apart from HRPP Rule 16 will accomplish the objectives of HRPP Rule 2 by making the discovery process simpler, will be fair to all concerned parties, and will eliminate unjustifiable expense and delay.

### Order

IT IS HEREBY ORDERED that [HPD's motion to quash defendant Kay's subpoena duces tecum] is hereby DENIED.

IT IS FURTHER ORDERED that the Department of the Corporation Counsel shall immediately produce copies of the subpoenaed materials to the court—the court shall conduct an *in camera* inspection of the materials, shall have the material sealed and made part of the record under HRPP Rule 16(e)(6); and shall disclose to the defense material that is constitutionally or statutorily required.

(Original emphasis).

On December 30, 2009, HPD initiated this original proceeding by filing a petition for a

writ of mandamus. HPD sought a writ directing the respondent judge to vacate the October 8, 2009 order on the ground that it allowed discovery pursuant to the subpoena provision of HRPP Rule 17(b), contrary to *Pacarro, supra.* HPD contended that the October 8, 2009 order allowed defendant Kay to circumvent the discovery process mandated by HRPP Rule 16(b)(2) and that the denial of HPD's motion to quash constituted an "egregious abuse of discretion." On January 13, 2010, we issued an order granting the petition for a writ of mandamus and vacated the October 8, 2009 order.

## II. *Standard for Disposition*

A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. *Kema v. Gaddis*, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999). Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. *Id.* Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act. *Id.*, 91 Hawai'i at 204–05, 982 P.2d at 338–39.

## III. *Discussion*

A. *HRPP Rule 17(b) Does Not Permit A Defendant To Directly Subpoena Police Or Other Governmental Personnel For Discoverable Material Or Information Independently And Apart From HRPP Rule 16(b)(2).*

HRPP Rule 16 governs discovery in "cases in which the defendant is charged with a

felony, and may commence upon the filing in circuit court of an indictment, an information, or a complaint." HRPP Rule 16(a). The prosecutor must disclose to a defendant, within ten calendar days after arraignment and plea, "any material which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor." HRPP Rule 16(b)(1)(vii) and (e)(1). The prosecutor must also disclose to a defendant "material or information which would be discoverable if in the possession or control of the prosecutor and which is in the possession or control of other governmental personnel." HRPP Rule 16(b)(2). Disclosure pursuant to HRPP Rule 16(b)(2) is effected "upon written request of defense counsel" and "specific designation by defense counsel" of the material or information, whereupon "the prosecutor shall use diligent good faith efforts to cause such material or information to be made available to defense counsel; and if the prosecutor's efforts are unsuccessful the court shall issue suitable subpoenas or orders to cause such material or information to be made available to defense counsel." HRPP Rule 16(b)(2).[4]

A subpoena for the production of "documentary evidence"—"books, papers, documents"—or "objects" is issuable in a criminal case pursuant to HRPP Rule 17(b). Pursuant thereto, "[t]he court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence[.]" *Id.*

HRPP Rule 17(b) was patterned after Federal Rules of Criminal Procedure (FRCP) Rule 17(c). *Pacarro, supra*, 61 Haw. at 86, 595 P.2d at 297. FRCP Rule 17(c) was interpreted by the United States Supreme Court in *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). The *Bowman* court opined that:

> evidence is which it seeks to obtain." *State v. Fukusaku*, 85 Hawai'i 462, 478, 946 P.2d 32, 48 (1997).

---

4. HRPP Rule 16(b)(2) "is directed to situations where the prosecutor is unaware of the evidence but the defense is, and the burden is therefore on the defense to specify exactly what and where the

It was not intended by [FRCP] Rule 16 to give a limited right of discovery, and then by [FRCP] Rule 17 to give a right of discovery in the broadest terms. .... **Rule 17(c) was not intended to provide an additional means of discovery.** Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.

*Bowman*, 341 U.S. at 220, 71 S.Ct. 675 (bold emphasis added). The Supreme Court affirmed and expanded on *Bowman* in *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

[*Bowman* ] recognized certain fundamental characteristics of the subpoena *duces tecum* in criminal cases: (1) **it was not intended to provide a means of discovery for criminal cases;** (2) its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials. As both parties agree, cases decided in the wake of *Bowman* have generally followed Judge Weinfeld's formulation in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y.1952), as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 698–700, 94 S.Ct. 3090 (internal citations and footnote omitted; bold emphasis added).

In 1979, we adopted *Bowman's* and *Nixon's* interpretation of FRCP Rule 17(c) when we construed, in *Pacarro*, District Court Rules of Penal Procedure (DCRPP) Rule 31(c) (1972),[5] which was then also HRPP Rule 17(b).

The appellant [State of Hawaii] contends that Rule 31(c), D.C.R.P.P. is not a rule providing for an additional means of discovery of evidence. We agree with the appellant's contention.

. . . .

.... It is generally recognized that in criminal cases the subpoena duces tecum was not intended to provide an additional means of discovery. *United States v. Nixon*, [418 U.S. 683, 698 (1974) ], 94 S.Ct. 3090[, 41 L.Ed.2d 1039]; *Bowman Dairy Co. v. United States*, [341 U.S. 214, 221 (1951) ], 71 S.Ct. 675[, 95 L.Ed. 879]; *United States v. Marchisio*, [344 F.2d 653, 669 (2d Cir.1965) ]; *United States v. Jannuzzio*, 22 F.R.D. 223, 227 (D.C.Del.1958); 2 Wharton's Criminal Procedure s 382, at 389 [12th ed.1975]. See 8 Moore's Federal Practice, Rules of Criminal Procedure, P 17.07, at 17–25 (2d ed.1978 rev.). 1 Wright, Federal Practice and Procedure, Rules of Criminal Procedure, s 274, at 550 (1969).

*Pacarro, supra,* 61 Haw. at 87–88, 595 P.2d at 297–98. *Jannuzzio,* cited above in *Pacarro,* cautioned that "it [was] necessary to guard against action under [FRCP] Rule 17(c) which, contrary to its spirit and purpose, is aimed at obtaining discovery." *Jannuzzio, supra,* 22 F.R.D. at 227. *Marchisio,* also cited above in *Pacarro,* emphasized that "a[n] [FRCP Rule 17(c) ] subpoena duces tecum in a criminal action is not intended for the purpose of discovery; the document sought must at the time [the subpoena is issued] meet the tests of relevancy and admissibility." *Marchisio, supra,* 344 F.2d at 659.

That a subpoena duces tecum in a criminal case may not be used for the purpose of discovery has likewise been recognized by many criminal trial courts in New York. These courts "each reiterated the fundamental principle that the right of a defendant to compel testimony or the production of physical evidence or documents by subpoena in a criminal action was a right to require the giving of testimony or the production of

---

**5.** DCRPP Rule 31(c) ("A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein.").

physical evidence and not a discovery vehicle to obtain documents for pre-trial inspection or to ascertain the existence of evidence." *People v. Morrison,* 148 Misc.2d 61, 559 N.Y.S.2d 1013, 1017 (N.Y.Crim.Ct.1990). In *Morrison,* fifteen criminal defendants sought production of various police records by subpoena duces tecums issued directly to the New York City Police Department. The defendants contended that the Sixth Amendment's Compulsory Process Clause, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and New York's subpoena statute equivalent to HRPP Rule 17(b) authorized them to obtain the requested police reports by subpoena. They argued that the Compulsory Process and Due Process Clauses of the federal constitution gave them an unlimited and unrestricted right to compel the government to provide them with the police reports relating to their cases and that the subpoena authority provided to defendants by the New York subpoena statute codified those constitutional rights and independently created a right to obtain the police reports by subpoena. Judge Benitez rejected the defendants' argument and granted the New York City Police Department's motion to quash the subpoenas. Judge Benitez opined as follows:

A fundamental distinction exists between a defendant's right to discovery, as provided in [the New York discovery statute], and a defendant's right to compel the production of evidence by subpoena, as provided in [the New York subpoena statute]. The right to discovery is the right to receive information and documents from the prosecution and its agents concerning the case. A defendant's right to discovery is governed and limited by statute, [the New York discovery statute]. That [statute] gives a defendant a right to demand and, if that demand is refused, to obtain court ordered disclosure of certain information, documents and evidence. The specific material that is required to be disclosed is specified in the statute and the timing of its disclosure is, likewise, governed by statute.

The right to compulsory process, on the other hand, is the right to compel witnesses to come into court pursuant to subpoena and give testimony or produce documentary or other physical evidence. The right to compulsory process has its roots in constitutional principles which recognize that a defendant must be able to compel the production of evidence in the proceedings relating to the case in order to present a defense to the charges if he or she chooses to do so. However, based on the constitutional analysis set forth above and decisional law, the right to compulsory process is not an unlimited and unrestricted right to compel the production of any documents sought by a defendant. Rather, it is a restricted right, the exercise of which must satisfy certain relevancy and evidentiary standards and which is subject to other available procedures for obtaining the material sought.

... [The New York subpoena statute] specifically provide[s] that a subpoena, which includes a subpoena duces tecum, is a process by which a person may be compelled to attend a court proceeding and "appear as a witness," which means to give oral testimony, or appear and produce specified "physical evidence." The right to compel material pursuant to subpoena is, therefore, limited to the compulsion of "evidence" and not a right to compel the production of documents that refer to evidence or that provide leads that will assist in the identification of evidence or to ascertain the existence of witnesses or evidence. While [the New York subpoena statute] provides that a subpoena duces tecum may require the production of documentary or other physical evidence prior to trial, this provision relates only to the timing of the production of evidence pursuant to compulsion and does not alter the statute's requirement that the documents or physical items whose production is compelled by subpoena be evidentiary.

Accordingly, the right to compel the production of evidence is not a right to obtain discovery of the prosecution's case prior to trial or to conduct a search of the files created by the investigating or arresting authorities for details of the prosecution's evidence or leads to potential defense evidence.

. . . .

[The] standard [enunciated in *United States v. Nixon*, 418 U.S. 683, 689–99[, 94 S.Ct. 3090, 41 L.Ed.2d 1039] (1974) ] [by which a[n] [FRCP Rule 17(c) ] subpoena duces tecum should be judged before such subpoena will be upheld] is the appropriate one to be applied in applications for and motions to quash subpoenas duces tecum under our [New York subpoena statute].

In this case the defendants have not satisfied the requirements that they show that the materials sought are evidentiary, or if they are, that their production prior to trial can not otherwise be obtained or, if they can not be, that pre-trial production is necessary. Rather, defendants' subpoenas are discovery subpoenas and "fishing expeditions."

*Morrison, supra,* 559 N.Y.S.2d at 1017–19 (internal citations omitted).

█ We agree with Judge Benitez that a fundamental distinction exists between a defendant's right to discovery, as provided by our HRPP Rule 16, and a defendant's right to compel the production of documents by subpoena, as provided by our HRPP Rule 17(b). The right to discovery in a felony case is the right to receive material and information from the prosecution and its agents concerning the case. The right is governed and limited by HRPP Rule 16. The rule, in section (b)(1)(i)—(vii), gives a defendant the right to receive, without request, the seven categories of enumerated material and information within the prosecution's possession or control. The rule, in section (b)(2), gives a defendant: (1) the right to receive—through the prosecution and upon written request to the prosecution—specifically designated discoverable material and information in the possession or control of other governmental personnel; (2) the right to receive the requested material and information by the diligent good faith effort of the prosecution; and (3) the right to receive the requested material and information by a court issued subpoena or order should the prosecution fail to obtain the requested material and information.

█ On the other hand, the right to compel the production of documents by sub-poena, pursuant to HRPP Rule 17(b), is the right to compel a witness to attend a court proceeding and produce books, papers, or documents to be offered in evidence. We opined in *Pacarro* that "[HRPP Rule 17(b)'s] phrase 'to be offered in evidence' means that the designated documents . . . must be of an evidentiary nature[.]" *Pacarro, supra,* 61 Haw. at 87, 595 P.2d at 298. The right to compel the production of documents pursuant to subpoena is, therefore, limited to the compulsion of "evidence" and is not a right to compel the production of documents that provide leads to potential evidence. The right to compel the production of documents by subpoena is not a right to obtain discovery.

█ We affirm our opinion in *Pacarro* that HRPP Rule 17(b) "is not a rule providing for an additional means of discovery." *Pacarro, supra,* 61 Haw. at 86, 595 P.2d at 297. Consistent with that opinion, we hold today that HRPP Rule 17(b) does not permit a defendant to directly subpoena police or other governmental personnel for discoverable material or information independently and apart from HRPP Rule 16(b)(2).

B. *Defendant Kay's Subpoena Duces Tecum Improperly Sought Discovery Pursuant To HRPP Rule 17(b)*

█ Defendant Kay's subpoena duces tecum sought production of HPD police reports # 07–104943, # 04–427752, # 04–448044, and # 04–455004 that were apparently identified in the criminal history record of the complainant. The police reports apparently concerned criminal offenses for which the complainant was convicted. The police reports— according to the findings of fact drafted by the public defender and adopted by the respondent judge—"may provide impeachment material [against the complainant], or assist [defendant Kay] to conduct adequate pretrial investigation, to file pre-trial motions, and to make informed pre-trial strategy decisions." This factual finding, together with the public defender's objection to a screening of the police reports—which objection was inconsistent with the public defender's subpoena of the reports "for court inspection"— indicates that the contents of the police re-

ports were not known to the public defender when the subpoena was issued on September 10, 2009 and when the motion to quash was heard on September 24, 2009 and that the purpose of the public defender's subpoena duces tecum was to discover the contents of the police reports.

The fact that the police reports supposedly concerned criminal convictions of the complainant did not alone make the reports impeachment evidence. Hawai'i Rules of Evidence Rule 609 provides that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime is inadmissible except when the crime is one involving dishonesty." Absent knowledge by the public defender that the subpoenaed police reports involved crimes of dishonesty, the public defender's subpoena was not a subpoena duces tecum for the production of impeachment evidence pursuant HRPP Rule 17(b) or for the production of evidence that, at the time the subpoena was issued, met the tests of relevancy and admissibility. *Marchisio, supra,* 344 F.2d at 659. Instead, the subpoena sought disclosure of material claimed to be discoverable and in the possession of police personnel. Disclosure under such circumstances was subject to the discovery procedure of HRPP Rule 16(b)(2).

The respondent judge found that police reports # 07–104943, # 04–427752, # 04–448044, and # 04–455004 "[are] discoverable." He concluded that the police reports are subject to "direct subpoena" by defendant Kay on HPD pursuant to HRPP Rule 17(b), "independent and apart from HRPP Rule 16(b)(2)" because: (1) defendant Kay has a constitutional right to obtain discoverable materials and to compulsory process to compel the production of documents; (2) HRPP Rule 16 "delineates only a certain minimum level of discovery" and "there is no exemption within HRPP Rule 17 against the use of a subpoena duces tecum where the subject matter of the subpoena may be covered by HRPP Rule 16;" (3) HRPP Rule 17

"preserve[s] [defendant Kay's] constitutional and statutory rights to a speedy trial," which is "especially important" when a defendant is in pretrial custody; and (4) "allowing discovery by subpoena directly on HPD independently and apart from HRPP Rule 16" "accomplish[es] the objectives of HRPP Rule 2 by making the discovery process simpler." [6]

The respondent judge effectively ruled— contrary to *Pacarro*—that HRPP Rule 17(b) provides a defendant with a means of discovery in addition to the discovery provided by HRPP Rule 16. The respondent judge neither mentioned nor distinguished *Pacarro*. He instead cited our opinion in *State v. White,* 92 Hawai'i 192, 990 P.2d 90 (1999) for the proposition that "a defendant may directly subpoena HPD for discoverable materials under HRPP Rule 17 independently and apart from HRPP Rule 16." In *White,* defendant White moved to compel discovery from the prosecution of police reports concerning pending criminal charges and investigations against convicted defendant Cabrera, who had implicated White for burglary. The trial court denied the motion to compel upon reasoning that the police reports were irrelevant and not discoverable under HRPP Rule 16 and White had not sought production of the reports by a subpoena duces tecum on HPD. White thereupon subpoenaed HPD for production of the police reports. The reports were delivered to the trial court, which inspected the reports, found them irrelevant, and denied production. White was subsequently convicted of the burglary charges and appealed, arguing, *inter alia,* that the motion to compel discovery was erroneously denied. We held that the police reports sought by White were relevant and discoverable, but that the denial of the motion to compel was harmless error because Cabrera, at White's trial, admitted his involvement in criminal activity. The issue before us in *White* was the relevancy of the police reports for purposes of discovery, not the propriety of obtaining the reports by subpoena duces tecum. *White* does not stand for the proposition that HRPP Rule 17(b) allows discovery

---

6. **HRPP Rule 2. PURPOSE AND CONSTRUCTION.**

These [HRPP] rules are intended to provide for the just determination of every penal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

independently and apart from HRPP Rule 16.

■ The respondent judge's ruling that HRPP Rule 17(b) permits discovery independently and apart from HRPP Rule 16 was based on Judge Goodman's view in *Burnette, supra,* that the New York subpoena statute equivalent to HRPP Rule 17(b) permits discovery in accordance with the constitutional right to compulsory process. Judge Goodman so opined by rejecting the opposing view of Judge Benitez in *Morrison, supra.*[7] However, Judge Goodman's view is not legally sound because, as Judge Benitez opined in *Morrison* and as we have opined herein, the right to compulsory process is not a right to compel the production of documents that provide leads to potential defense evidence. Defendant Kay's right to compulsory process is not a right to obtain police reports that may provide impeachment material or may assist with pretrial investigation and strategy.

Defendant Kay asserted and the respondent judge found that HPD police reports # 07–104943, # 04–427752, # 04–448044, and # 04–455004 are discoverable. If that is the case, then as discoverable material not in the prosecutor's possession, the police reports are subject to the provisions of HRPP Rule 16(b)(2). The rule requires the public defender to submit a written request for the police reports to the prosecutor, requires the prosecutor to make a diligent good faith effort to secure the reports from HPD, and if the prosecutor's efforts are unsuccessful, the circuit court, upon motion by the public defender, is required to issue a suitable subpoena or order for production of the reports to the public defender. However, the public defender circumvented the HRPP Rule 16(b)(2) procedure by directly subpoenaing HPD for the reports pursuant to HRPP Rule 17(b). The respondent judge upheld the subpoena: (1) to implement defendant Kay's right to compulsory process, even though the subpoena sought discovery, not compulsion of evidence; (2) to protect defendant Kay's speedy trial right, even though defendant

Kay had been released from pretrial custody in 2008 and had waived his speedy trial right seven times since arraignment, with the seventh waiver being effected on September 24, 2009 for the purpose of obtaining the complainant's police reports; and (3) to "make the discovery process simpler," even though HRPP Rule 16(b)(2) mandated the discovery process to be followed. That HRPP Rule 2 requires that our Rules of Penal Procedure "be construed to secure simplicity in procedure" is no basis for circumventing the mandatory procedure of HRPP Rule 16(b)(2).

The respondent judge's refusal to quash defendant Kay's subpoena duces tecum as improperly seeking discovery pursuant to HRPP Rule 17(b) constituted a flagrant and manifest abuse of discretion. Petitioner HPD demonstrated a clear and indisputable right to a vacatur of the October 8, 2009 order denying HPD's motion to quash the subpoena duces tecum.

### C. *HPD Properly Sought Redress From The October 8, 2009 Order By Mandamus.*

■ "The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." *Grattafiori v. State,* 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995).

■ In circuit court criminal cases, appeals are authorized by HRS §§ 641–11 (Supp.2009), 641–13 (Supp.2009), and 641–17 (Supp.2009). HRS § 641–11 provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court[.]" HRS § 641–13 provides that "[a]n appeal may be taken by and on behalf of the State from the district or circuit courts to the intermediate appellate court . . . in all criminal matters, in [ten enumerated] instances." HRS § 641–17 provides that "an appeal in a criminal matter may be allowed to a defendant from the circuit court to the intermediate appellate

---

**7.** "While this court recognizes that a number of trial courts have come to different conclusions on [the] question [of whether the New York subpoena statute creates an independent right of discovery], I respectfully decline to adhere to the views they have expressed. *See, e.g. People v. Morrison,* 148 Misc.2d 61, 559 N.Y.S.2d 1013 (N.Y.Crim.Ct.1990) [additional citations omitted]." *Burnette, supra,* 160 Misc.2d at 1010–11, 612 N.Y.S.2d 774.

court ... from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case."

Criminal No. 07–1–1315 is a circuit court criminal matter filed by plaintiff State of Hawai'i against defendant Obed K. Kay. HPD is not a party to the case. As a nonparty, HPD is not authorized to appeal the respondent judge's October 8, 2009 order pursuant to HRS § 641–11 if judgment is entered against defendant Kay. HPD is also not authorized to appeal the October 8, 2009 order pursuant to the interlocutory appeal statute for defendants, HRS § 641–17, or pursuant to the appeal statute for the prosecution, HRS § 641–13. Having no remedy by way of appeal, HPD properly sought redress from the October 8, 2009 order by mandamus.

Concurrence by ACOBA, J.

I concur in the result only.