In the Matter of DARYL PERRY et al., Petitioners, v STEVEN L. BARRETT, Respondent. JOSEPH ANTHONY et al., Intervenors. [980 NYS2d 9]—

At the time they brought this proceeding, both petitioners were defendants in cases pending in Criminal Court. Petitioners asserted that eavesdropping evidence gathered in a ticket-fixing investigation may contain exculpatory or impeachment material concerning the arresting officers in petitioners' underlying cases.

Prohibition is not available to prevent the enforcement of respondent Justice's protective order. Petitioners assert that respondent Justice lacked jurisdiction to issue an order that affects discovery in cases that are not before him. However, there was no infringement of petitioners' discovery rights, which were actually ruled upon by Criminal Court in petitioners' underlying cases. After petitioners demanded disclosure of any evidence of their arresting officers' alleged involvement in ticket-fixing, Criminal Court (Linda Poust-Lopez, J.) ruled that the People had satisfied their obligations under *Brady v Maryland* (373 US 83 [1963]) by offering disclosure of such materials to petitioners upon the condition that they sign the nondisclosure agreement provided in respondent Justice's order. Criminal Court noted that it reached this conclusion independently of any purportedly binding effect of the protective order. Moreover, there is no clear

legal right to obtain unlimited access to eavesdropping evidence, the disclosure of which is strongly safeguarded under state law (*see generally People v Washington,* 46 NY2d 116 [1978]).

Under these circumstances, petitioners fail to identify any arrogation of power infringing a clear legal right, and thus the extraordinary remedy of prohibition is not available (*see Matter of Rush v Mordue,* 68 NY2d 348, 352-353 [1986]). In any event, respondent Justice's protective order provided reasonable safeguards that serve to protect the rights of persons who may be accused of ticket-fixing as well as the rights of persons against whom the alleged ticket-fixers may be called to testify.

The petition is moot as to petitioner Reyes, because he signed the nondisclosure agreement, as well as because he pleaded guilty. This case does not fall under the narrow exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715 [1980]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Manzanet-Daniels and Gische, JJ.

Motion seeking to intervene granted.