Appeal by the petitioner from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 10, 2015. The judgment denied the petition pursuant to CPLR article 78 to prohibit Andrew M. Engel, a Judge of the District Court, Nassau County, from enforcing an order dated July 28, 2015, compelling the petitioner to disclose to Eugene Li certain documents and records in a criminal action entitled People v Li, pending in the District Court, Nassau County, and, in effect, dismissed the proceeding.
 

 Ordered that the judgment is affirmed, without costs or disbursements.
 

 The District Attorney of Nassau County commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition, seeking to prohibit the enforcement of an order of the respondent Andrew M. Engel, a Judge of the District Court, Nassau County (hereinafter the respondent), dated July 28, 2015, issued in a criminal action entitled People v Li. The July 28, 2015, order directed the petitioner to disclose documents relating to headspace gas chromatography tests of simulator solution. That simulator solution was used to calibrate a breathalyzer instrument used by the police to test Eugene Li’s blood alcohol content on the date of his arrest. Pursuant to applicable regulations, the operator of a breathalyzer is required to use the simulator solution to calibrate a breathalyzer instrument immediately prior to each use (see Department of Health Regulations [10 NYCRR] § 59.5).
 

 The Supreme Court did not err in denying the CPLR article 78 petition and, in effect, dismissing the proceeding. “ ‘Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers’ ” (Matter of Hock v Brennan, 109 AD3d 994, 996 [2013], quoting Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]).
 

 The respondent did not act without jurisdiction or in excess of his authority in issuing the order dated July 28, 2015. Pursuant to CPL 240.20 (1) (c), the People are required to disclose to a defendant, as relevant, “[a]ny written report or document . . . concerning a . . . scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity ... or which the people intend to introduce at trial.” CPL 240.20 (1) (k) provides that in any prosecution alleging a violation of the Vehicle and Traffic Law, the People must disclose “any written report or document . . . concerning ... a scientific test or experiment, including the most recent record of inspection, or calibration or repair of machines or instruments utilized to perform such scientific tests or experiments . . . , which tests or examinations were made by or at the request or direction of a public servant engaged in law enforcement activity ... or which the people intend to introduce at trial.”
 

 Here, the District Attorney indicated that the People intend to introduce into evidence at trial a “certification” of the accuracy of that simulator solution (see CPL 240.20 [1] [c], [k]). Moreover, to the extent that the records of the testing of the simulator solution are not in the possession of the District Attorney’s office, the statute requires the People to make a good faith, diligent effort to obtain those records (see CPL 240.20 [2]). Thus, the respondent did not exceed his jurisdiction or authority in directing the People, in the underlying criminal action, to disclose such materials to the defendant or, in effect, to make a good faith, diligent effort to disclose such materials (see CPL 240.20 [1] [c], [k]; People v Robinson, 53 AD3d 63 [2008]; Matter of Constantine v Leto, 157 AD2d 376, 379 [1990], affd 77 NY2d 975 [1991]). Consequently, the Supreme Court correctly determined that the remedy of prohibition was not warranted here (see Matter of Perry v Barrett, 113 AD3d 536 [2014]).
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.